INDEPENDENCE TOWNSHIP v STATE BOUNDARY
COMMISSION

Docket No. 139957. Submitted February 12, 1992, at Detroit. Decided
April 20, 1992, at 9:35 A.M. Leave to appeal denied, 439 Mich
1016.

The Charter Township of Independence petitioned the Oakland
Circuit Court for review of a decision by the State Boundary
Commission approving the incorporation of the Village of
Clarkston, which lies within the boundaries of Independence
Township, into a city. The court, John N. O'Brien, J., affirmed
the commission's decision, rejecting the township's contention
that § 34(1) of the charter township act, MCL 42.34(1); MSA
5.46(34)(1), prohibits incorporation of an existing village into a
city. The township appealed.

The Court of Appeals *held:*

1. Section 34(1) provides in part that a charter township
existing on June 15, 1978, or incorporated after that date is
exempt from annexation to any contiguous city or village
except as provided under § 34(3)-(8). From the plain language of
§ 34, it appears that only the annexation of a charter township
is restricted and that the incorporation of an existing village
within a charter township into a city is not prohibited.

2. Amendments of § 34 did not revoke authority for the
incorporation of a city located within a charter township be-
cause no such authority was provided under § 34 before its
amendment. The incorporation of a city located within a char-
ter township is governed by MCL 123.1001 *et seq.*; MSA
5.2242(1) *et seq.* and MCL 117.1 *et seq.*; MSA 5.2071 *et seq.*

Affirmed.

MUNICIPAL CORPORATIONS — INCORPORATION — VILLAGES — TOWN-
SHIPS.

The provision of the charter township act exempting a charter

REFERENCES

Am Jur 2d, Municipal Corporations, Counties, and Other Political
Subdivisions §§ 50 *et seq.*

See the Index to Annotations under Municipal Corporations; Vil-
lages.

township from annexation to any contiguous city or village, subject to certain exceptions, does not prohibit the incorporation of an existing village located within a charter township into a city (MCL 42.34[1]; MSA 5.46[34][1]).

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Gerald A. Fisher* and *Thomas R. Schultz*), for Charter Township of Independence.

*Frank J. Kelly,* Attorney General, *Gay Secor Hardy,* Solicitor General, and *Milton I. Firestone* and *George M. Elworth,* Assistant Attorneys General, for State Boundary Commission.

*Thomas J. Ryan,* for Village of Clarkston.

Amicus Curiae:

*Scholten & Fant, P.C.* (by *Rodney L. Schermer*), for Michigan Municipal League.

*Bauckham, Sparks, Rolfe & Thomsen, P.C.* (by *John K. Lohrstorfer* and *John H. Bauckham*), for Michigan Townships Association.

Before: DOCTOROFF, C.J., and MICHAEL J. KELLY and BRENNAN, JJ.

MICHAEL J. KELLY, J. The Charter Township of Independence appeals as of right from an Oakland Circuit Court judgment affirming the State Boundary Commission's decision approving the incorporation of the Village of Clarkston into a fifth-class home rule city. We affirm.

The Village of Clarkston is located within the Charter Township of Independence. On May 9, 1988, village property owners filed a petition with the State Boundary Commission, seeking to incorporate the village into a fifth-class home rule city. On February 6, 1990, the State Boundary Commis-

sion unanimously approved the petition. On May 21, 1990, a majority of the residents of the village approved incorporation of the village into a fifth-class home rule city.

Thereafter, the township sought judicial review of the decision of the State Boundary Commission. The village was permitted to intervene as a party. On April 12, 1991, the court entered an order affirming the decision of the State Boundary Commission. It is from this order that the township appeals.

The township's sole argument on appeal is that the exemption from annexation provided in § 34 of the charter township act, MCL 42.34(1); MSA 5.46(34)(1), prohibits the incorporation of an existing village into a city. We disagree.

As enacted in 1947, § 34 of the charter township act, MCL 42.34; MSA 5.46(34), provided:

> This act shall not prevent any part of a charter township from being incorporated as a city or village or from being annexed to a city or village in accordance with provisions of law for incorporation of, or annexation to any city or village.

As amended by 1978 PA 242 and 1978 PA 591, § 34 now provides in pertinent part:

> A charter township existing on June 15, 1978, or a township incorporated after June 15, 1978 as a charter township that complies with the following standards, is exempt from *annexation* to any contiguous city or village except as provided in subsections (2) to (8). [Emphasis added.]

The township claims that § 34 prohibits the incorporation of an existing village into a city. Resolution of this matter requires interpretation of § 34.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *People v Hawkins,* 181 Mich App 393, 396; 448 NW2d 858 (1989); *Joy Management Co v Detroit,* 176 Mich App 722, 730; 440 NW2d 654 (1989). To determine legislative intent, we look to the specific language of the statute. *Hawkins, supra* at 396. The Legislature is presumed to have intended the meaning plainly expressed. *Frasier v Model Coverall Service, Inc,* 182 Mich App 741, 744; 453 NW2d 301 (1990); *Attorney General ex rel Dep't of Natural Resources v Sanilac Co Drain Comm'r,* 173 Mich App 526, 531; 434 NW2d 181 (1988). If the plain and ordinary meaning of the language of the statute is clear, judicial construction is neither necessary nor permitted. *Lepp v Cheboygan Area Schools,* 190 Mich App 726, 731; 476 NW2d 506 (1991); *National Exposition Co v Detroit,* 169 Mich App 25, 29; 425 NW2d 497 (1988).

Applying the above standards of statutory construction to § 34, we conclude that the language of the statute is clear and unambiguous, and judicial construction is unnecessary. As is clear from the plain language of the statute, § 34 only restricts the *annexation* of a charter township. Section 34 does not address the subject of incorporation and clearly cannot be read as prohibiting an existing village within a charter township from incorporating as a fifth-class home rule city.

We hold that the language of § 34(1) provides an exemption to a charter township only in cases of annexation of property by any contiguous city or village, and does not prohibit incorporation of an existing village into a home rule city.

However, Independence Township argues that because the former section "expressly permitted and authorized" both incorporation and annex-

ation, the Legislature, in amending § 34 without mentioning incorporation, revoked the authority to incorporate a city located within a charter township. This argument is not persuasive. The former § 34 did not provide any grant of authority for incorporation. Such authority is provided in other statutes. MCL 123.1001 *et seq.*; MSA 5.2242(1) *et seq.*; MCL 117.1 *et seq.*; MSA 5.2071 *et seq.* Therefore, the amendment of § 34 could not have revoked the authority to incorporate a city located within a charter township because it never provided such authority in the first place.

The exemption from annexation provided in § 34 of the charter township act does not prohibit the incorporation of an existing village into a city.

Affirmed.