HILL v DEPARTMENT OF TREASURY

Docket No. 133550. Submitted October 5, 1993, at Grand Rapids. Decided December 7, 1993, at 9:00 A.M.

Margaret Hill, surviving spouse of decedent Al G. Hill and personal representative of his estate, moved in the Kalkaska County Probate Court for redetermination of Michigan inheritance taxes owed to the Department of Treasury for property that the decedent had devised in his will to Margaret before his death on June 28, 1988, and that had qualified for the marital deduction for purposes of federal estate taxes. The court, Odell B. Carlisle, J., relying on MCL 205.201(6); MSA 7.561(6), ruled that no inheritance taxes were owed. The Department of Treasury appealed, arguing that inheritance taxes are owed pursuant to the "pickup tax" provision of the inheritance tax act, MCL 205.202a; MSA 7.562(1).

The Court of Appeals *held:*

MCL 205.201(6); MSA 7.561(6), effective December 21, 1982, specifically describes the Michigan inheritance tax treatment of property transfers that qualify for the marital deduction for federal estate taxes. The statute expressly provides that a transfer that qualifies for the federal estate tax marital deduction is exempt from Michigan inheritance taxes. The plain language of the statute indicates that it was the Legislature's intent to exempt such qualified transfers from all taxation under the inheritance tax act, including the pickup tax provided in MCL 205.202a; MSA 7.562(1).

Affirmed.

TAXATION — INHERITANCE TAX — ESTATE TAX — MARITAL DEDUCTION — PICKUP TAX.

A transfer of property by a decedent who dies after December 31, 1982, to that decedent's surviving spouse is exempt from all Michigan inheritance taxes, including the pickup tax provided by MCL 205.202a; MSA 7.562(1), if the transfer qualifies for the marital deduction for purposes of federal estate taxes (MCL 205.201[6]; MSA 7.561[6]; 26 USC 2056).

REFERENCES

Am Jur 2d, Inheritance, Estate, and Gift Taxes § 195.
See ALR Index under Inheritance and Estate Taxes.

*Loomis, Ewert, Ederer, Parsley, Davis & Gotting, P.C.* (by *Catherine A. Jacobs*), for the petitioner.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Richard R. Roesch, Russell E. Prins,* and *Joe D. Sutton,* Assistant Attorneys General, for the respondent.

Before: FITZGERALD, P.J., and REILLY and P. R. JOSLYN,* JJ.

PER CURIAM. Respondent, Department of Treasury, Inheritance Tax Division, appeals as of right the order granting petitioner's motion for redetermination of the Michigan inheritance tax owed by decedent's estate. After granting petitioner's motion, the probate court set aside its earlier order that determined the tax upon the petitioner's transfers to be $7,465.44 plus collection fees, interest, and penalties.

Decedent, a resident of Texas, died testate on June 28, 1988. The petitioner in this case is decedent's surviving spouse. Petitioner was appointed independent administrator, and the will was admitted to probate on November 14, 1988. On January 12, 1989, petitioner elected to abide by the terms of the will.

The fair market value of the Michigan property owned by decedent was $4,234,177 for leasehold interests in various oil fields in Michigan, $43,127 for a 2.20224 percent ownership interest in the Kalkaska Gas Plant, and $6,500 for 19.24 acres of real estate in Kalkaska County.

On March 21, 1989, petitioner filed Form 706, United States Estate (and Generation-Skipping Transfer) Tax Return. This return reported that

* Circuit judge, sitting on the Court of Appeals by assignment.

all the property located in Michigan was transferred to the surviving spouse.[1]

On June 28, 1989, an order effectuating the probate court's partial determination that decedent's estate owed $7,465.44 in Michigan inheritance tax was entered. On August 14, 1989, respondent filed a request for payment of the unpaid tax. A final demand for payment was filed on October 16, 1989. The partial determination of tax was made a final determination on November 30, 1989.

On January 8, 1990, petitioner moved for a redetermination of the Michigan inheritance tax owed by decedent's estate on the ground that the Michigan property qualified for the federal estate tax deduction and was exempt from taxation pursuant to MCL 205.201(6); MSA 7.561(6). Following a hearing on the petition, the probate court indicated that it agreed with petitioner's argument and, by order dated September 21, 1990, set aside the June 28, 1989, inheritance tax order.

In this case we are asked to determine whether the exemption of marital deduction transfers from inheritance tax contained in MCL 205.201(6); MSA 7.561(6) also exempts estates from liability for Michigan's "pickup tax" contained in MCL 205.202a; MSA 7.562(1).

MCL 205.201(6); MSA 7.561(6) provides:

Notwithstanding subsection (1), but subject to subsection (7),[2] if the decedent dies after December 31, 1982 and if the decedent makes or has made a transfer otherwise subject to tax under this act to the surviving spouse of the decedent or to the surviving spouse of the decedent and an-

---

[1] All the Michigan property in decedent's estate qualified for the federal marital deduction under 26 USC 2056.

[2] Subsection 7 provides for the taxation of property that is qualified terminable interest property under the marital deduction.

other person or persons, and if this transfer qualifies for the marital deduction for purposes of the federal estate tax in the estate of the decedent or if this transfer would have qualified for the federal estate tax marital deduction if the transfer had been included in the gross estate of the decedent for purposes of the federal estate tax, the transfer, using values as finally determined for purposes of this act, shall be exempt from taxation under this act.

MCL 205.202a; MSA 7.562(1)[3] provides:

(1) If the total of inheritance taxes levied and imposed by this act upon the inheritance or transfers of property of a resident or nonresident decedent does not equal or exceed the maximum credit for state death taxes allowable to the estate of the decedent against the federal estate tax imposed with respect thereto, there is levied and imposed an additional estate tax which shall be equal to the differences between the maximum credit allowed and the tax otherwise imposed by this act.

(2) A proper reduction of the amount of tax levied by this section shall be made on account of any real and tangible personal property located outside this state which is a part of the gross transfers of a resident decedent.

(3) The tax levied by this section upon the transfers of nonresident decedents shall be that proportion of the total tax as the gross property within this state bears to the gross property of the decedent wherever located.

(4) The purpose of this section is to obtain the maximum benefit of the credit allowed under the provisions of the federal estate tax and it shall be liberally construed to effect this purpose.

(5) The additional tax shall be levied and assessed upon the transfers and against the interests

---

[3] The statute was amended by 1992 PA 65, effective May 28, 1992. The statute as quoted herein is the preamendment version that was effective at the time of decedent's death.

of beneficiaries liable for inheritance taxes, who would be liable to pay the federal estate tax before deducting the credit. The person required to file the federal estate tax return shall file a duplicate of the federal return and all adjustments, corrections and the final determination of that return with the probate court. Upon the final determination of the federal estate tax and the maximum credit allowable, appropriate adjustment shall be made to any partial or interim inheritance tax determinations or orders.

(6) "Federal estate tax" means the tax levied and imposed under the provisions of title 26 of the United States internal revenue code, subtitle b, chapter 11, as amended, and in effect on the date of death of the decedent.

The primary goal of judicial interpretation of statutes is to ascertain and give effect to the intent of the Legislature. *Independence Twp v State Boundary Comm,* 193 Mich App 685, 688; 484 NW2d 774 (1992). Where two statutes are in pari materia and one is specific to the subject matter while the other is only generally applicable, the specific statute, which is treated as an exception to the general one, prevails. *People v Tucker,* 177 Mich App 174, 179; 441 NW2d 59 (1989). This rule is particularly persuasive when one statute is both more specific and more recent. *First Bank of Cadillac v Miller,* 131 Mich App 764, 769; 347 NW2d 715 (1984).

MCL 205.202a; MSA 7.562(1),[4] which is referred to as the "pickup tax," is applicable to the estates of all decedents who die after July 31, 1971. The pickup tax is equal to the maximum credit for state death taxes allowable to a decedent's estate against the federal tax contained in 26 USC 2011.

[4] 1971 PA 55.

MCL 205.201(6); MSA 7.561(6),[5] which became effective December 21, 1982, specifically describes the Michigan inheritance tax treatment of property transfers that qualify for the federal marital deduction for purposes of the federal estate tax. It expressly provides that if the transfer qualifies for the marital deduction against the federal estate tax the transfer is exempt from the inheritance tax. The plain language of the statute reveals the Legislature's intent to exempt such qualified transfers from all taxation under the act, including the pickup tax contained in MCL 205.202a; MSA 7.562(1). Hence, the probate court did not err in granting the petition for redetermination and setting aside the June 28, 1989, inheritance tax order.

Affirmed.

---

[5] 1982 PA 351.