# STATE OF MICHIGAN

# COURT OF APPEALS

LUCRE, INC.,

        Petitioner-Appellant,

v

CITY OF GRAND RAPIDS,

        Respondent-Appellee.

UNPUBLISHED
April 28, 2015

No. 319781
Tax Tribunal
LC No. 00-447463

Before: BORRELLO, P.J., and RONAYNE KRAUSE and RIORDAN, JJ.

PER CURIAM.

Petitioner, Lucre Inc., appeals as of right the order of the Michigan Tax Tribunal (the Tribunal) denying its motion for reconsideration. The issue before the Tribunal was whether the property—a business premises petitioner leased from Kent County—should be taxed by respondent, the City of Grand Rapids, or the State of Michigan. The Tribunal ultimately concluded that the local government was the proper tax assessing entity. We affirm.

## I. FACTS AND PROCEDURAL HISTORY

Petitioner is a telephone company, and one of its business premises is leased from Kent County. The subject property is located in the city of Grand Rapids (respondent). In August 2012, petitioner sought a hearing with the Tribunal to dispute respondent's assessment of its lease with Kent County. The Tribunal found that whether an assessment is to be made at the state or local level was an issue over which the Tribunal has no jurisdiction. Petitioner filed exceptions, and the Tribunal entered an order in June 2013 vacating petitioner's proposed opinion and judgment and adding the State Tax Commission as a co-respondent.

The State Tax Commission then filed a motion for reconsideration of the Tribunal's order adding the State Tax Commission as a party to this case, and in July 2013, the Tribunal entered an order vacating its previous order, thus removing the State Tax Commission as a party and reinstating the proposed opinion and judgment. The Tribunal concluded that because petitioner does not own, use, *and* occupy the subject property, it is not subject to assessment by the State, and petitioner's interest in the subject property was assessable by respondent.

Thereafter, petitioner filed a motion requesting that the Tribunal reconsider its July 2, 2013 order on the grounds that the Tribunal did not discuss MCL 211.181, which it contends

-1-

requires that petitioner be treated as if it "owned" the real property sought to be taxed. Petitioner argued that taxation of public utilities under MCL 207.1 *et seq.*, and taxation of tax-exempt property under MCL 211.181 must be harmonized and construed as one law under the rule of *in pari materia*. The Tribunal concluded that its conclusion that petitioner did not own, use, and occupy the subject property, and therefore the property should be assessed by respondent, was correct. The Tribunal also held that the *in pari materia* rule is applied only if the statute being construed is ambiguous, but MCL 207.5(4) was not ambiguous. Accordingly, the Tribunal denied petitioner's motion for reconsideration.

## II. TAX ASSESSMENT

### A. STANDARD OF REVIEW

Generally, this Court's "review of Tax Tribunal decisions, absent fraud, is limited to whether the tribunal made an error of law or adopted a wrong principle. We accept the factual findings of the tribunal as final, provided they are supported by competent, material, and substantial evidence." *Curis Big Boy, Inc v Dep't of Treasury*, 206 Mich App 139, 143; 520 NW2d 369 (1994). We review *de novo* the interpretation and application of statutes. *Ford Motor Co v City of Woodhaven*, 475 Mich 425, 438; 716 NW2d 247 (2006).

### B. ANALYSIS

The primary goal of statutory interpretation "is to discern the intent of the Legislature by first examining the plain language of the statute." *Driver v Naini,* 490 Mich 239, 246-247; 802 NW2d 311 (2011). When the language is clear and unambiguous, "no further judicial construction is required or permitted, and the statute must be enforced as written." *Pohutski v City of Allen Park,* 465 Mich. 675, 683; 641 NW2d 219 (2002) (quotation marks and citation omitted). We also are mindful that "[t]he drafters of statutes are presumed to know the rules of grammar, and statutory language must be read within its grammatical context unless a contrary intent is clearly expressed." *Greater Bethesda Healing Springs Ministry v Evangel Builders & Constr Managers, LLC,* 282 Mich App 410, 414; 766 NW2d 874 (2009). "[B]ecause . . . words are not interchangeable, we should give them their strict meaning when their accurate reading does not give the text a dubious meaning, and there is no clear contrary legislative intent." *Niles Twp v Berrien Co Bd of Comm'rs,* 261 Mich App 308, 319; 683 NW2d 148 (2004).

Generally, "most of the property in Michigan that is subject to ad valorem (i.e., value based) taxation is valued and taxed by local units of government pursuant to the General Property Tax Act[.]" *Michigan Bell Tel Co v Dep't of Treasury*, 445 Mich 470, 474; 518 NW2d 808 (1994). However, 1905 PA 282, MCL 207.1 *et seq.* (the Act), provides that, for telephone companies, the State Board of Assessors "shall annually determine the true cash value and taxable value of property having a situs in this state[.]" MCL 207.4(1)(d); MCL 207.4(2).[1]

---

[1] In 2006, the State Board of Assessors was dissolved and its powers and duties were transferred to the State Tax Commission. Executive Order 2006-21.

Nevertheless, the Act decrees that telephone company "property having a situs in this state" includes "*only* the tangible property, real and personal, owned, used, and occupied by them within this state." MCL 207.5(4)(b) (emphasis added). If the property at issue satisfies the definition of "property having a situs in this state" under MCL 207.5, then it is taxed by the State rather than local units of government. *Michigan Bell Tel Co*, 445 Mich at 475. The Act further provides that telephone company property subject to taxation includes "only property that would be subject to the collection of taxes under the general property tax act, if that property were not subject to taxation under this act." MCL 207.5(b) (citation omitted).

The plain language of the Act supports the Tribunal's conclusion in this case that respondent, not the State, is the proper taxing authority. The Act unambiguously provides that the State shall determine the true cash value of telephone company "property having a situs in this state," which is "*only* the tangible property, real and personal, owned, used, *and* occupied by them within this state." MCL 207.5(4)(b) (emphasis added). "The term 'and' is defined as a conjunction, and it means 'with; as well as; in addition to.' " *Gen Motors Corp v Dep't of Treasury*, 290 Mich App 355, 390; 803 NW2d 698 (2010) (citation omitted). The literal meaning of "and" should be followed as long as it does not render the statute ambiguous. *Root v Ins Co of North America*, 214 Mich App 106, 109; 542 NW2d 318 (1995).

Here, petitioner has suggested no ambiguity in the Legislature's use of the word "and." See *Niles Twp*, 261 Mich App at 319 ("because . . . words are not interchangeable . . . we should give them their strict meaning when their accurate reading does not give the text a dubious meaning, and there is no clear contrary legislative intent."). Therefore, the Act applies *only* to property that the telephone company owns, uses, *and* occupies. MCL 207.5(4)(b). As respondent in this case did not own the property, but rather leased it, the Act is inapplicable. Consequently, the property is subject to local rather than state assessment.

Petitioner, however, asserts that MCL 211.181 renders this straightforward conclusion erroneous. Petitioner contends that MCL 211.181—a provision that pertains to the taxation of lessees or users of tax-exempt property—is implicated in this case because the business premises is leased from Kent County, a tax-exempt entity. That statute provides:

> Except as provided in this section, if real property exempt for any reason from ad valorem property taxation is leased, loaned, or otherwise made available to and used by a private individual, association, or corporation in connection with a business conducted for profit, the lessee or user of the real property is subject to taxation in the same amount and to the same extent as though the lessee or user owned the real property. [MCL 211.181(1).]

Petitioner reasons that the State is the proper assessing authority because MCL 211.181(1) mandates that leased property is taxed in the same amount and to the same extent as if the lessee was the owner. Petitioner contends that under the principle of *in pari materia*, MCL 211.181(1) and the Act must be harmonized. It concedes that the two statutory provisions are in conflict, as the term "owns" in the Act is at odds with the concept of leased property being treated the same as owned property. Nevertheless, petitioner proposes that the language regarding leases in MCL 211.181(1) should be imported into the Act's language regarding owning property, MCL 207.4(1) and MCL 207.5(4)(b).

Even assuming, *arguendo*, that the statutes are *in pari materia* and must be read together, petitioner's argument fails. "Where two statutes are in pari materia and one is specific to the subject matter while the other is only generally applicable, the specific statute, which is treated as an exception to the general one, prevails." *Hill v Dep't of Treasury*, 202 Mich App 700, 704; 509 NW2d 905 (1993). Here, MCL 211.181 generally applies to taxation of lessees or users of tax-exempt property. It provides that if real property is exempt from ad valorem property tax, but that property is subject to a lease, then the lessee or user of the real property is subject to taxation as if that lessee was the owner or user of the property. MCL 211.181(1). In essence, "[t]he act seeks to eliminate the unfair advantage that private-sector users of tax-exempt property would otherwise brandish over their competitors who lease property that is privately owned." *Golf Concepts v City of Rochester Hills*, 217 Mich App 21, 25; 550 NW2d 803 (1996).

On the other hand, the Act specifically and comprehensively delineates when the State, not local governmental units, shall tax property of a telephone company. The Act purposely confines the State's power to property that is "owned, used, and occupied" by "telephone companies." MCL 207.5(4)(b). Therefore, the more specific statute—the Act—controls. See *Parise v Detroit Entertainment, LLC*, 295 Mich App 25, 27-28; 811 NW2d 98 (2011).[2] Because petitioner did not own the subject property, the State is not a proper assessing authority under MCL 207.5(4)(b).

## III. CONCLUSION

The Tribunal properly concluded that respondent city of Grand Rapids, not the State, was the appropriate entity to assess taxes. We affirm.

/s/ Stephen L. Borrello
/s/ Amy Ronayne Krause
/s/ Michael J. Riordan

---

[2] Although appellant asserts that MCL 211.181 is more recent and should control, dispositive is the fact that the Act is the more specific of the two.