KIRKPATRICK *v.* MUSKEGON TRACTION & LIGHTING CO.

1. CARRIERS—ALIGHTING FROM CAR—STREET RAILWAYS—CONTRIBU-
TORY NEGLIGENCE.

In an action by a passenger against a street car company for personal injuries alleged to have been caused by the starting of the car while plaintiff was attempting to alight at a point where the street car track crosses a steam railroad track, and where it was customary to stop the car while the conductor went forward to ascertain whether the street car could make the crossing in safety and to allow passengers to get off at such point, a pas-
senger who got up before the car had come to a stop and

went to a seat near the rear and waited until the car came to a full stop, when she got up and was injured while attempting to alight from the car, due to the fact that she was not given a reasonable time to get off, was not guilty of contributory negligence.[1]

2. SAME—TRIAL—INSTRUCTION—NEGLIGENCE—CONTRIBUTORY NEGLI-GENCE.

In such action an instruction that if, as claimed by plaintiff, before the car came to a stop she got up and went to the back part of the car, she would not be guilty of any negligence in walking back to a seat in the rear end of the car and sitting down until the car came to a stop where passengers got off; that it was the duty of the conductor, knowing the custom of passengers to get off at such place, to give them a reasonable time to get off before signaling the car to start; that such passengers had the right to rely upon such duty; but that, if the car had started on its way after it had come to a stop and before she had got out of her seat and had indicated in any way that she intended to leave the car at such place, and had started on and was crossing the railroad tracks, and then she got up and walked back and stepped off the car while it was in motion, she could not recover, *held*, to be correct.

3. APPEAL AND ERROR—NEW TRIAL—WEIGHT OF EVIDENCE.

Motion for new trial, in action by a passenger against street railway company for damages for personal injuries received while attempting to alight from car, on ground of insufficiency of evidence to sustain verdict, *held* properly denied.

OSTRANDER, STEERE, and BROOKE, JJ., dissenting.

Error to Muskegon; Sullivan, J. Submitted January 3, 1917. (Docket No. 22.) Decided March 30, 1917.

Case by Letitia Kirkpatrick against the Muskegon Traction & Lighting Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

[1]On presumption of negligence from sudden starting of car while passenger is alighting, see notes in 13 L. R. A. (N. S.) 611; 29 L. R. A. (N. S.) 814; L. R. A. 1916C, 373.

*Cross, Vanderwerp, Foote & Ross,* for appellant.

*Simpson & Anderson,* for appellee.

BROOKE, J. (*dissenting*). Defendant company operates a street railway system in the city of Muskegon. One of its lines runs north and south on Sanford street. On Laketon avenue, which runs east and west, there is located a double track steam railroad operated by the Grand Trunk. Cars of the defendant company approaching said steam railroad tracks are required to stop while the conductor goes forward to ascertain whether the street car can make the crossing in safety. Having satisfied himself that the steam tracks are clear of danger, it is his duty to give the signal to his motorman to proceed to make the crossing. The motorman then starts his car up, and the conductor boards it as it passes him going over the steam tracks. The street cars are equipped with a looking glass placed to the right of the motorman, a short distance outside of the vestibule, a glance in which enables the motorman to see whether any one is in the act of leaving the car before he applies his power. Passengers desiring to leave the car at Laketon avenue usually leave the same when the car stops for the steam railroad tracks, before crossing Laketon avenue.

On the day the accident happened, defendant company operated one of its cars south on Sanford street, stopping on the north side of Laketon avenue, near the Grand Trunk railway tracks. The conductor left the car, went forward, and, having satisfied himself that the track was clear, gave the motorman the signal to proceed, which signal was obeyed. Plaintiff, an old lady of 72 years, was a passenger upon the car, and desired to leave it at Laketon avenue. She testified that she rang the bell as the car left the corner of the street next north of Laketon. While this is denied by the car officials, it would seem to be unim-

portant because the car was peremptorily obliged to stop before it reached the steam railroad tracks located on Laketon avenue. Plaintiff further testified that she left her seat and started for the rear of the car while it was still in motion; that she saw an acquaintance, a Mrs. Herendeen, near the rear of the car, and sat down for a moment with her; that she waited until the car came to a full stop, when she proceeded to the rear platform, stepped down upon the single step, and was ·in the act of stepping therefrom to the ground when the car suddenly started up, throwing her violently to the ground. Her fall resulted in certain injuries for which she brought suit. With reference to the steam railroad tracks plaintiff was unable to testify where she fell. Her friend, Mrs. Herendeen, was called by her, and gave testimony to the effect that plaintiff sat down with her a moment on her way to the rear platform; that:

"When we neared the railroad track she got up and went to the rear of the car as it was beginning to slow up. I next saw her in a heap in the street. * * *
"Q. Where did you see her in the street?
"A. I couldn't say whether it was just the other side of the railroad or just on it. I couldn't positively swear to that."

This witness did not see the accident, so that as to controlling facts plaintiff's case rests upon her own unsupported testimony. On the part of the defendant, the motorman testified that, having received the signal to go forward across the steam tracks, he looked in the glass from which he could observe the rear step, and saw no one in the act of alighting; that he thereupon applied his power, crossed the tracks, and proceeded to the next east and west street before he knew that plaintiff had fallen from the car. Further, to support the claims of the defendant, it swore two witnesses, both business men of the city of Muskegon, and not connected with the defendant company. These

gentlemen were sitting at the rear of the car in full view of the rear entrance. Both testified positively and unequivocally that plaintiff started towards the rear platform after the car had started to cross the railroad tracks, and that she walked out upon the rear platform and stepped off while the car was in motion. They further testified that she fell either upon the steam tracks themselves or just south of them, in this respect being in practical agreement with the testimony of plaintiff's witness, Mrs. Herendeen. It is undisputed upon the record that the car made but one stop on the north side of Laketon avenue. While the record is silent as to just how close the car went to the steam tracks before stopping, it appears that the car itself is 32 feet long, and if, as testified to by all the witnesses having knowledge of the situation, the plaintiff fell on the steam tracks or south of them, the car must have proceeded from 40 to 60 feet after starting before she fell.

Appellant argues its assignments of error under two heads:

(1) Error is assigned upon the charge of the court.
(2) Error is assigned upon the action of the court in denying defendant's application for a new trial.

Having instructed the jury with reference to the negligence of the defendant, the court gave the following instruction with reference to the contributory negligence of the plaintiff:

"Now, you see I have called your attention right there to the time of the accident, and I have given you both sides and the right of both sides in relation to that particular time. The passengers had a right when the car came to a stop there to immediately get up and go to the back of the car and a reasonable opportunity to get off the car before it started, and it was the duty of the conductor to see that she had that reasonable opportunity at that time. If, as claimed by her, before the car had come to a stop she

had got up and gone to the back part of the car, she would not be guilty of any negligence in walking back here before the car had come to a stop to where passengers get off or to cross the railway tracks. The conductor, knowing the custom that passengers had of getting off at that place, it was his duty first, or it was his duty to the passenger, anyway, to see that the passenger had a reasonable time to get off before signaling the car to start. That was his duty to the passenger, and she had a right to rely upon that duty, and if they failed to do that duty, and that was the way under which the accident happened, she would be entitled to recover whatever damages she suffered through an injury resulting from the act of the conductor or the motorman in starting the car in that manner that I have charged you. If the car before she had got out of her seat had started, started on its way after it had come to a stop and before she had got out of her seat, indicating in any way that she intended to leave the car at that place, had started on and was crossing the railway tracks, and then she got out and walked back and stepped off the street car while it was in motion, she cannot recover in this case, she would be guilty of contributory negligence. Now, there is the situation, and there is a pure question of fact, gentlemen, with you. It is a question for you to decide."

With reference to this charge counsel for defendant say:

"We contend that when the court charged the jury in this way, he gave them to understand there could be no contributory negligence on the part of the passenger if the passenger once started from the place in the car where she was seated after the car stopped to let off passengers, and if the car started while this passenger was on her way through the car to alight. In other words, when a passenger starts to leave a car at a regular stopping place, the duty then arises on the part of the employees of the company to see to it that the passenger alights in safety, and if the car starts before the passenger has an opportunity to alight, and the passenger attempts to get off the car when it has started and falls in consequence of this,

it is wholly the fault of the street car employees who have charge of the car, and the passenger cannot be guilty of any contributory negligence preventing recovery."

We are of opinion that this criticism of the quoted portion of the charge is justified. It is clear that, even though a passenger starts toward the exit of a car while the car is standing, if the car starts before the passenger has alighted, and while he or she is in a place of safety either inside the car or upon the rear platform, the passenger may not then leave the car while in motion and be excused from the charge of contributory negligence by reason of the fact that a start toward the exit was made while the car was at rest. It is true that the court in other portions of the charge properly instructed the jury upon the same point. We have frequently held, however, that where improper as well as proper instructions are given the jury, error must be presumed because it cannot be known whether the jury followed one or the other. Being of opinion that the case should be reversed because of the error assigned upon this portion of the charge, it becomes unnecessary to pass upon the court's denial of the motion for a new trial, though it may be said that the undisputed physical facts tending to discredit the plaintiff's unsupported statements might well have moved the trial court to grant the motion.

The judgment should be reversed, and a new trial ordered.

OSTRANDER and STEERE, JJ., concurred with BROOKE, J.

FELLOWS, J. The accident in this case happened in one of two ways, either in the manner claimed by plaintiff, or in the manner claimed by defendant; there were no facts shown calling for any instructions, except those which fitted one or the other of these claims. The plaintiff testified:

"I walked to the door and waited, and it stopped stock still, and I stepped off the platform down on the step, and just as I was stepping my other foot down to get off, the car started up, and threw me off, and broke my arm."

Mrs. Herendeen, a witness called by plaintiff, testified:

"The car just stopped still, and then I think it started so suddenly that I raised up to see if she had gotten off. That must have been the reason, because I looked back. I know I had her in my mind. I raised up and looked back and saw her lying in a heap in the road."

Mr. Anderson, a witness called by defendant, testified:

"As we were talking Mrs. Kirkpatrick got up as the car was going across the tracks, and she started to get off; put her right foot on the step and got the handle in her right hand. The car was in motion, and she jumped, and she fell over on the ground."

Mr. Nagley, a witness called by defendant, testified:

"As the car was going over the second part she started towards the back of the car, and she was mumbling something to herself. I don't know what she was saying, but she stepped down on the step and took hold with her right hand and stepped down with her left leg, and the car was picking up pretty good speed then, and down she went, and she laid there."

If the accident occurred as claimed by the plaintiff, the defendant was negligent, and plaintiff free from contributory negligence; if it occurred as claimed by defendant, the defendant was not negligent, and plaintiff was guilty of contributory negligence. The instruction of the trial court complained of, I think, fairly submitted these questions to the jury, and is not subject to the criticism urged. It is of no moment so far as this case is concerned what unproven acts would constitute contributory negligence. We are only concerned with those acts which have been proven

or which may be legitimately inferred from the facts proven. If the instruction fairly covered the case as made, it is sufficient, and what might or might not be contributory negligence under a different state of facts is unimportant. As applied to the facts of this case I do not think the instruction complained of is erroneous and particularly when taken in connection with the entire charge. Entertaining these views, I am constrained to dissent from the opinion of Mr. Justice BROOKE.

I am not persuaded that the court erred in overruling defendant's motion for a new trial. The testimony was in sharp conflict. If plaintiff and Mrs. Herendeen were believed by the jury, and Mrs. Herendeen was equally as disinterested as were Mr. Anderson and Mr. Nagley, the accident occurred when the car started. If the jury believed the testimony of Mr. Anderson and Mr. Nagley, it occurred later and when the car was on the railroad track. While plaintiff is unable to fix the spot where she fell, and whether it was on the railroad track or not, and Mrs. Herendeen is not positive, and in addition to the testimony quoted by Mr. Justice BROOKE, also says:

"I don't know just where she fell. She either fell on the track just as the car was going over the track or this side of the track. When I say this side of the track I mean towards Muskegon. It was right close to the track,"

—and while no one assisted plaintiff to arise or saw her on the ground, except as detailed, it is a fact to which I think some significance might have been given by the jury that the conductor who went ahead of the car to see whether there was an approaching train on the steam road, and who must have been on or near the track of the steam road when the accident occurred, saw nothing of it. None of the testimony was taken by depositions. The jury and trial court saw

all the witnesses, and I do not think we can say, as matter of law, that the trial court was in error in refusing a new trial. I think the judgment should be affirmed.

KUHN, C. J., and STONE, BIRD, and MOORE, JJ., concurred with FELLOWS, J.