McLEAN v UNIVERSITY OF MICHIGAN MEDICAL CENTER

Docket No. 121721. Submitted October 15, 1991, at Lansing. Decided December 2, 1991, at 9:00 A.M. Leave to appeal sought.

Phyllis and Daniel McLean brought an action in the Court of Claims against the University of Michigan Medical Center, seeking damages for injuries sustained by Phyllis McLean when she slipped on a grease spot and fell in a hospital cafeteria maintained by the defendant. The defendant advanced governmental immunity as an affirmative defense, and the plaintiffs relied on the public building exception to governmental immunity. The court, James R. Giddings, J., entered a judgment for the plaintiffs after finding that, because of negligent janitorial care, a greasy condition was present and it constituted a dangerous or defective condition, that the defendant had actual or constructive knowledge of the defect, and that the defendant failed to remedy the defect within a reasonable time, resulting in Phyllis McLean's injuries. The defendant appealed.

The Court of Appeals *held:*

The public building exception to governmental immunity is limited to dangerous or defective conditions in the structure of a building itself resulting from faulty design, construction, repair, or maintenance. The exception does not extend to a dangerous condition in the building caused by negligent janitorial care.

Reversed and remanded.

*L. Ray Bishop & Associates, P.C.* (by *Barry J. Gates*), for the plaintiffs.

*Boothman, Hebert, Eller & Yockey, P.C.* (by *Dale L. Hebert*), for the defendant.

Before: REILLY, P.J., and WEAVER and McDONALD, JJ.

PER CURIAM. Plaintiff Phyllis McLean was in-

jured when she slipped on a grease spot and fell in
a hospital cafeteria maintained by defendant. She
and her husband sued in the Court of Claims,
citing the public building exception to governmen-
tal immunity. MCL 691.1406; MSA 3.996(106). De-
fendant claimed governmental immunity as an
affirmative defense. Following a bench trial, the
court found that the greasy condition was present
and it constituted a dangerous or defective condi-
tion, that defendant had actual or constructive
knowledge of the defect, and that defendant failed
to remedy the defect within a reasonable time,
resulting in plaintiff's injuries. Judgment was en-
tered for both plaintiffs. Defendant appealed as of
right. We reverse.

We agree with Judge MacKenzie's dissent in
*Wade v Dep't of Corrections,* 182 Mich App 519;
453 NW2d 683 (1990), lv gtd 437 Mich 968 (1991).
A careful reading of the governmental immunity
statute requires a determination that the public
building exception to governmental immunity is
limited to dangerous or defective conditions in the
structure of the building itself resulting from
faulty design, construction, repair, or mainte-
nance.

MCL 691.1406; MSA 3.996(106) provides in part:

> Governmental agencies have the obligation to
> repair and maintain public buildings under their
> control when open for use by members of the
> public. Governmental agencies are liable for bodily
> injury and property damage *resulting from a dan-*
> *gerous or defective condition of a public building* if
> the governmental agency had actual or construc-
> tive knowledge of the *defect* and, for a reasonable
> time after acquiring knowledge, failed to remedy
> the condition or to take action reasonably neces-
> sary to protect the public against the condition.
> Knowledge of the *dangerous and defective condi-*

*tion* of the public building and time to repair the same shall be conclusively presumed when such *defect* existed so as to be readily apparent to an ordinary observant person for a period *of 90 days* or longer before the injury took place. As a condition to any recovery for injuries sustained by reason of any *dangerous or defective* public building, the injured person, within 120 days from the time the injury occurred, shall serve a notice on the responsible governmental agency of the occurrence of the injury and *the defect.* The notice shall specify the exact location and nature of the *defect,* the injury sustained and the names of the witness known at the time by the claimant. [Emphasis added.]

We believe the repetitive use of the word "defect" without the accompanying word "dangerous," the provision for a ninety-day period before the injury in which the defect must be readily apparent before knowledge of the existence of the defect may be conclusively presumed, and the phrase "*of* the building" clearly indicate that the exception relates to a defective condition of the structure of the building, and not to a dangerous condition *in* the building caused by a foreign substance that was dropped on the floor. As stated by Judge MacKenzie, the exception does not extend to negligent janitorial care. *Wade, supra* at 527; see also *Reardon v Dep't of Mental Health,* 430 Mich 398, 410-411; 424 NW2d 248 (1988). In this action, the trial court found negligent janitorial care to have occurred.

This conclusion is also supported by the broad scope of governmental immunity and the concomitant narrowness of the exceptions. *Reardon, supra.*

Reversed and remanded for entry of judgment for the defendant.