MUSULIN v UNIVERSITY OF MICHIGAN BOARD OF REGENTS

Docket No. 150720. Submitted September 19, 1994, at Detroit. Decided November 14, 1995, at 9:15 A.M. Leave to appeal sought.

Gail and Lewis Musulin brought an action in the Court of Claims against the University of Michigan Board of Regents, seeking damages related to Gail's slip and fall on a hallway of the University of Michigan Medical Center while there to visit a patient. The court, Thomas L. Brown, J., granted summary disposition for the defendant, rejecting the plaintiffs' contention that the action was within the public hospital exception to governmental immunity from tort liability, MCL 691.1407(4); MSA 3.996(107)(4). The plaintiffs appealed.

The Court of Appeals *held*:

MCL 691.1407(4); MSA 3.996(107)(4) plainly provides that immunity is not granted to a governmental agency with respect to the ownership or operation of a hospital. The defendant's argument that the public hospital exception applies only to claims of medical malpractice brought by patients is not supported by the language of the statute or by the history of governmental immunity for public hospitals.

Reversed and remanded.

GOVERNMENTAL IMMUNITY — PUBLIC HOSPITAL EXCEPTION.

A governmental agency is not immune from tort liability with respect to its ownership or operation of a hospital; governmental immunity is not a defense to a negligence action by a public hospital visitor who seeks damages for injuries sustained in a slip and fall accident at the hospital (MCL 691.1407[4]; MSA 3.996[107][4]).

*Dean Koulouras* (*John A. Lydick,* of Counsel), for the plaintiff.

---

REFERENCES

Am Jur 2d, Hospitals and Asylums §§ 20-24; Municipal, County, School, and State Tort Liability § 303.

Immunity from liability for damages in tort of state or governmental unit or agency in operating hospital. 25 ALR2d 203.

Hospital's liability to visitor injured by slippery, obstructed, or defective interior floors or steps. 71 ALR2d 436.

*Plunkett & Cooney, P.C.* (by *Christine D. Oldani*), for the defendant.

Before: DOCTOROFF, C.J., and WHITE and D. B. LEIBER,* JJ.

WHITE, J. Plaintiffs Gail and Lewis Musulin appeal as of right the Court of Claims' dismissal of their negligence action on governmental immunity grounds. MCL 691.1407; MSA 3.996(107). We reverse and remand.

According to plaintiffs, on July 22, 1990, while visiting their son at the University of Michigan Medical Center where he was a patient, Gail Musulin slipped on a substance someone had spilled and fell on the floor of the fifth-floor common hallway.

Plaintiffs' complaint alleged that defendant is an agency of the State of Michigan engaged in the business of providing health care at University of Michigan Medical Center, that plaintiff Gail Musulin was a business invitee at the hospital when she slipped and fell in a hospital hallway, and that defendant was negligent and breached the duty owed to its business invitees by: failing to clean and remove the spill, failing to warn invitees of the spill, failing to train its employees to remove and clean such spills and warn business invitees of a danger, failing to act as a reasonably prudent hospital facility would, and failing to properly maintain a public building so as to be free from dangerous and defective conditions pursuant to MCL 691.1406; MSA 3.996(106). Plaintiffs further alleged that defendant's negligence proximately caused Gail Musulin to slip and fall and suffer serious injuries.[1]

---

* Circuit judge, sitting on the Court of Appeals by assignment.

[1] We are not here concerned with plaintiffs' ability to establish

Defendant moved for summary disposition pursuant to MCR 2.116(C)(7), asserting that plaintiffs failed to state a claim in avoidance of governmental immunity under the public building exception, MCL 691.1406; MSA 3.996(106). Plaintiffs responded that their claim fell under both the public building exception and the public hospital exception, MCL 691.1407(4); MSA 3.996(107)(4), and both exceptions were argued at the summary disposition hearing.

Plaintiffs concede on appeal that they have no cause of action under the public building exception pursuant to *Wade v Dep't of Corrections,* 439 Mich 158; 483 NW2d 26 (1992), decided shortly after the trial court's decision in this case. Plaintiffs thus challenge only the dismissal of their negligence claim under the public hospital exception, arguing that the Court of Claims disregarded the express statutory public hospital exception to governmental immunity. Defendant counters that the public hospital exception applies only to medical malpractice claims and that defendant is thus immune from any liability in this negligence action.

The public hospital exception to governmental immunity was added to Michigan's governmental tort liability act by 1986 PA 175, and states:

> (4) This act does not grant immunity to a governmental agency *with respect to the ownership or operation* of a hospital or county medical care facility or to the agents or employees of such hospital or county medical care facility. . . .
>
> * * *
>
> (b) "Hospital" means a facility offering inpatient, overnight care, and services for observation, diagnosis, and active treatment of an individual with a

defendant's liability. Only the governmental immunity issue is before the Court.

medical, surgical, obstetric, chronic, or rehabilitative condition requiring the daily direction or supervision of a physician. The term does not include a hospital owned or operated by the department of mental health or a hospital operated by the department of corrections. [MCL 691.1407; MSA 3.996(107). Emphasis added.]

In order to survive a motion for summary disposition on governmental immunity grounds, a plaintiff must allege facts justifying application of an exception to governmental immunity. *Wade, supra* at 162-163. Plaintiffs' complaint alleged that plaintiff Gail Musulin was a business invitee at defendant's University of Michigan Medical Center when she slipped in a hallway as a result of a spill on the floor. It is undisputed that the University of Michigan Medical Center is a public hospital, as defined by the statute. The question is whether the allegations of negligence regarding the foreign substance on the hallway floor seek to impose liability with respect to the ownership or operation of the hospital within the meaning of the statutory exception to governmental immunity.

In dismissing plaintiffs' claims as a matter of law, the Court of Claims relied on *McLean v Univ of Michigan Medical Center,* 192 Mich App 128; 480 NW2d 602 (1991), a case it characterized as "a similar matter on all fours" to the instant case. *McLean* involved a slip and fall in a cafeteria in defendant's hospital. *Id.* at 129. This Court reversed the Court of Claims' entry of judgment for the plaintiffs under the public building exception, holding that the defect or dangerous condition alleged was not in the structure of the building itself, and that the public building exception did not encompass claims of negligent janitorial care. *Id.* at 130.

*McLean* thus anticipated the Supreme Court's

decision in *Wade, supra.* However, *McLean* is readily distinguishable from the instant case because the sole issue in *McLean* was the applicability of the public building exception. *Id.* at 129-130. The public hospital exception was not in issue;[2] thus *McLean* does not provide an appropriate basis for the dismissal of this portion of plaintiffs' case.[3]

This case raises an issue of first impression: whether a negligence claim brought by a nonpatient against a public hospital is barred by governmental immunity. Interpretation of the statutory public hospital exception to governmental immunity is required. The primary goal of judicial interpretation of statutes is to ascertain and give effect to the Legislature's intent. *Hill v Dep't of Treasury,* 202 Mich App 700, 704; 509 NW2d 905 (1993). The starting point is the language of the statute. *House Speaker v State Administrative Bd,* 441 Mich 547, 567; 495 NW2d 539 (1993).

The statute states that immunity is not granted "with respect to the ownership or operation of a hospital." The term "ownership or operation of a hospital" clearly encompasses more than the hospital's provision of medical services. "Ownership" and "operation" are broad terms that include the full range of activities and functions involved in running a hospital. Had the Legislature intended to limit the exception as defendant contends, the Legislature could have declared that the act does not grant immunity to a governmental agency with respect to the provision of medical or profes-

---

[2] This Court's computerized docket records indicate that *McLean* was filed in 1985, i.e., before the effective date of the public hospital exception (July 1986).

[3] It appears that the Court of Claims failed to recognize plaintiffs' separate basis for avoiding governmental immunity—the public hospital exception—although plaintiffs' counsel expressly raised it and quoted directly from the statute both in his responsive brief and at oral argument at the summary disposition hearing.

sional services at a hospital. The Legislature did not so limit the exception. Thus, the plain language of the statute does not support defendant's argument that only medical malpractice claims fall within the public hospital exception.

Defendant nevertheless urges that the statute's definition of "hospital" refers to medical care and treatment, and not the operation and maintenance of the physical plant of a hospital, and therefore only medical malpractice claims were contemplated by the Legislature when it enacted the public hospital exception to immunity. We reject this argument. The statutory definition simply defines what constitutes a hospital, which is, indeed, a place where certain medical and professional services are rendered. The definition does not purport to delineate what claims are viable against a public hospital. The language of the main provision of the public hospital exception, which does address the subject of immunity and liability, expressly declares that there is no immunity with respect to the "ownership or operation of a hospital." The definition of "hospital" does not alter the meaning of this phrase.

Similarly, the plain language of the statute does not support defendant's related assertion that the Legislature was "legislating in the area of medical malpractice when it passed the public hospital exception."[4]

The Legislature's purpose in enacting the public

---

[4] We have reviewed the legislative analysis of the 1986 amendments of MCL 691.1401 *et seq.*; MSA 3.996(101) *et seq.*, and specifically the addition of the public hospital exception. Unfortunately, the analysis does not directly address the issue before us. However, nothing in the legislative analysis supports defendant's contention that the Legislature was legislating in the area of medical malpractice, rather than governmental immunity, or that the exception applies only to medical malpractice claims. Conversely, the legislative analysis does not expressly indicate that negligence actions such as plaintiffs' slip and fall claim were contemplated.

hospital exception was recently discussed in dicta in *Jamieson v Luce-Mackinac-Alger-Schoolcraft Dist Health Dep't,* 198 Mich App 103, 111-112; 497 NW2d 551 (1993):

> [T]he apparent legislative purpose behind the hospital . . . exception to governmental immunity was to correct the inequity noted in *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223, 244-246; 393 NW2d 847 (1986), whereby persons injured by identical conduct in public and private .facilities have different rights of recovery.

However, neither *Jamieson* nor *Hyde* addressed the issue raised by this case: whether a negligence claim brought by a nonpatient against a public hospital is barred by governmental immunity.[5]

Defendant argues that the history before enactment of the public hospital exception, which took effect in July 1986, supports its assertion that the exception applies only to medical malpractice claims. We disagree.

There have been fluctuations in the law regarding the scope of governmental immunity of public hospitals. For some time before the 1986 amendments of the governmental tort liability act, MCL 691.1401 *et seq.;* MSA 3.996(101) *et seq.,* that added the public hospital exception, specifically

---

[5] *Hyde* was a consolidation of three medical malpractice cases arising out of complaints filed in 1976, 1979, and 1982. *Hyde, supra* at 231, 233, 236. The public hospital exception took effect in July 1986, and thus was not at issue.

*Jamieson, supra* at 105, 107, was a medical malpractice case arising out of the defendant's failure to diagnose promptly and treat the decedent's lung cancer. The case included negligence claims against the defendant facility and gross negligence claims against several individual employees, but involved only medical treatment. The public hospital exception was involved and discussed by this Court, but only to the extent that the defendant facility was found not to fall within the meaning of "county medical care facility" or within the meaning of "hospital," as defined in MCL 691.1407(4)(a) and (b); MSA 3.996(107)(4)(a) and (b) respectively.

during the period between 1978 and 1984, public hospitals were not generally considered to be protected by governmental immunity. In *Parker v Highland Park,* 404 Mich 183, 194-195; 273 NW2d 413 (1978), the Supreme Court abolished governmental immunity for public hospitals, its reasoning being that "the operation of a hospital is not an activity of a peculiar nature such that the activity can only be done by government," and applied the "essence of governing" definition of governmental function—whether the purpose, planning and carrying out of the activity, due to its unique character or governmental mandate, can be effectively accomplished only by government.

However, six years later, in *Ross v Consumers Power Co (On Rehearing),* 420 Mich 567, 620; 363 NW2d 641 (1984), the Court adopted a much broader definition of governmental function,[6] and cast doubt on the validity of *Parker.* The *Ross* definition of governmental function was codified by 1986 PA 175, the same act that created the public hospital exception.

Several months after passage of the public hospital exception in 1986, the Michigan Supreme Court stated in *Hyde v Univ of Michigan Bd of Regents,* 426 Mich 223, 245-246; 393 NW2d 847 (1986), that *Ross* impliedly overruled *Parker* and that the operation of a public hospital was a governmental function immune from tort liability. The Court recognized that its decision in *Hyde* would have limited effect because, in enacting the public hospital exception (after *Ross* was decided),

---

[6] The *Ross* Court defined governmental function as

an activity which is expressly or impliedly mandated or authorized by constitution, statute, or other law. [*Ross, supra* at 620.]

"it is clear that the Legislature believed that *Ross* had impliedly overruled *Parker*," and, while adopting the *Ross* definition of governmental function, the Legislature specifically allowed tort liability to be imposed on a governmental agency owning or operating a public hospital. *Id.*[7] Thus, this Court's observation in *Jamieson, supra,* regarding the legislative purpose of the public hospital exception is consistent with the Supreme Court's observations in *Hyde.*

Defendant urges that we interpret the public hospital exception as reaffirming *Parker,* a medical malpractice case, so that the public hospital exception incorporates only medical malpractice claims. We decline to do so because nothing in the history preceding the enactment of the exception supports this interpretation, and the plain language of the statute, specifically the broad phrase "ownership or operation of a hospital" runs counter to this construction.

Moreover, *Parker* was premised on the conclusion that the operation of a public hospital is not a "governmental function" and thus is not to be accorded governmental immunity. *Parker, supra* at 193-194. *Parker* neither stated nor implied a distinction between medical malpractice claims and general negligence claims such as is involved in the instant case. Nor does such a distinction logically flow from the nature of the activities themselves—the provision of medical care as opposed to the maintenance of a hallway floor in a safe condition. Once the Legislature determined

---

[7] Thus, the effect of *Hyde* was that the governmental immunity defense for public hospitals was viable, but only with respect to causes of action accruing before July 7, 1986, the effective date of the act. *Hyde, supra* at 246. See also *Stein v Southeastern Michigan Family Planning Project, Inc,* 432 Mich 198, 203; 438 NW2d 76 (1989) ("the overruling of *Parker* created a window of immunity for causes of action that accrued before July 1, 1986, the effective date of 1986 PA 175.").

that the activity of providing medical care is not entitled to immunity, it seems to follow ineluctably that the janitorial aspects of maintaining the hospital also are not entitled to immunity. Neither activity involves a governmental function.

Defendant also argues that if the public hospital exception is interpreted to permit recovery for janitorial negligence in the ownership or operation of a public hospital, it would constitute an exception to the public building exception, which the Legislature did not intend. We disagree. In passing the public hospital exception, the Legislature effectively declared that the operation of a public hospital is not a governmental function entitled to immunity. There is no reason to conclude that the Legislature intended that the narrow exception to immunity provided in the public building exception be applied to restrict the liability of public hospitals. Rather, we conclude that the Legislature intended that a public hospital incur the same liability and enjoy the same defenses as its private counterpart.

Lastly, defendant argues that the cases plaintiffs cite in their responsive brief militate in defendant's favor and indicate that the decision of the Court of Claims should be affirmed. Defendant argues that *Winklepleck v Michigan Veterans' Facility,* 195 Mich 523; 491 NW2d 251 (1992), bolsters its position. We disagree, because that case did not involve interpretation of the scope of immunity under the public hospital exception. The issue in *Winklepleck* was whether defendant Michigan Veteran's Facility was a "hospital" under the statute. In the instant case it is undisputed that defendant's University of Michigan Medical Center falls within the statute's definition of hospital.

Thus, the plain language of the public hospital

exception and the fact of its enactment as a distinct exception to governmental immunity evinces the Legislature's intent to declare that public hospitals[8] are special kinds of public operations that should not qualify for immunity, and that a government agency that owns or operates a hospital will be treated like its private sector counterparts—including being subject to liability for both medical malpractice claims and nonpatient claims such as plaintiffs' slip and fall negligence claim. The Legislature has given no indication that liability under the public hospital exception should be limited to hospital patients or to medical malpractice claims. Dismissal of plaintiffs' claim under the public hospital exception was thus error.

Reversed and remanded. We do not retain jurisdiction.

---

[8] The statute expressly excludes from its definition hospitals operated by the Departments of Mental Health and Corrections.