IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 115,932

STATE OF KANSAS,
*Appellee*,

v.

GREAT PLAINS OF KIOWA COUNTY, INC.,
*Appellant.*

SYLLABUS BY THE COURT

1.

When a county commission acts under K.S.A. 19-4605 to establish a board, either appointed by the elected commission or directly elected by the voters of the county, to operate a hospital, and the board acts under K.S.A. 19-4611 to enter into a lease agreement allowing a separate entity, such as a private, not-for-profit corporation, to carry out the regular management of the county hospital, the managing entity serves as an instrumentality of the county government.

2.

An instrumentality of a county government is a public agency under K.S.A. 2015 Supp. 45-217(f)(1).

3.

An entity is not a public agency for open records purposes if the only relationship that the agency has with state or local government is the provision of property, goods, or services to the governmental division in exchange for payment.

1

Review of the judgment of the Court of Appeals in 53 Kan. App. 2d 609, 389 P.3d 984 (2017). Appeal from Kiowa District Court; VAN Z. HAMPTON, judge. Opinion filed August 24, 2018. Judgment of the Court of Appeals affirming the district court and remanding the case with directions is affirmed in part and reversed in part. Judgment of the district court is affirmed.

*Alan L. Rupe*, of Lewis Brisbois Bisgaard & Smith LLP, of Wichita, argued the cause, and *Jessica L. Skladzien*, of the same firm, and *Nathan D. Leadstrom*, of Goodell, Stratton, Edmonds & Palmer, LLP, of Topeka, were with him on the briefs for appellant.

*Dwight R. Carswell,* assistant solicitor general*,* argued the cause, and *J. Scott James*, county attorney, *Jeffrey A. Chanay*, chief deputy attorney general, *Bryan C. Clark*, assistant solicitor general, and *Derek Schmidt*, attorney general, were with him on the briefs for appellee.

The opinion of the court was delivered by

ROSEN, J.: Great Plains of Kiowa County, Inc., (Great Plains) appeals from a judgment holding it subject to the Kansas Open Records Act (KORA) and compelling it to provide records requested by the State of Kansas through the Kiowa County Commission.

Kiowa County Memorial Hospital (Hospital) in Greensburg, Kansas, is a hospital organized and operated under K.S.A. 19-4601 et seq. The Hospital is managed and controlled by a Hospital Board of Trustees that is elected under the terms and authority of K.S.A. 19-4605. As provided by K.S.A. 19-4605(a), the Board may annually levy a tax for the purpose of operating and maintaining the Hospital.

Great Plains is a Kansas not-for-profit corporation that is a wholly owned subsidiary of the not-for-profit corporation Great Plains Health Alliance. Great Plains is responsible for operating the Hospital, which it operates under the terms of a lease agreement initiated in 2001 between the Hospital Board of Trustees and Great Plains. By

2

the lease agreement terms, Great Plains is responsible for all aspects of operating the Hospital and must operate the Hospital "for the benefit of the community."

The lease agreement also provides that, if Great Plains deems tax support necessary for sustaining the Hospital's operations, it will inform the Hospital Board of the need, and the Board will request of the county that it levy an ad valorem tax, applying its best efforts to obtain the tax. The tax may be used for the payment of insurance on the hospital building; for funding a depreciation account for equipment replacement; and for maintaining "adequate cash flow in the operation of the Hospital."

In 2012, a tax levy contributed about $300,000 to the operations of the Hospital; in 2013, $950,000; and, in 2014, approximately $1,050,000. These sums constituted 14%, 16%, and 20% of the Great Plains budget for those three years.

The Kiowa County Commission sought information about the Hospital's budget and the calculations by Great Plains in order to answer public interest questions concerning Hospital finances and use of taxpayer dollars.

On October 6, 2014, the Kiowa County Attorney's Office sent a letter to Mary Sweet, the hospital administrator, requesting, under KORA:

> "1) A copy of the document or documents setting out the working budget for the Hospital for 2014 and 2015 from which the 'Year to Date' figures labelled 'Budget and broken down into various categories are drawn in the printout attached to this request as an enclosure dated September 22, 2014 [*sic*].

> "2) Vouchers or an itemization for the figures labelled 'professional fees' and 'management fees' under 'operating expenses' in the same document.

3

"3) Salaries and titles of any and all persons employed in an administrative or executive capacity by Kiowa County Memorial Hospital. This should include all compensation, whether retirement benefits, deferred compensation, vacation pay, sick pay, stock options, or bonuses. Also the collective sum totals of all similar compensation for executives/administrative/board personnel for Great Plains of Kiowa County, Inc., without providing any individually identifiable taxpayer information. Please include also the number of persons employed in such a capacity for full-time, part-time, consulting, or on a contracting basis in each category.

"4) Registration for any vehicles operated, whether owned or leased by Kiowa County Memorial Hospital or Great Plains of Kiowa County, Inc.

"5) Copies of the three (3) most recent Federal Income Tax Returns filed by Great Plains of Kiowa County, Inc. If redacted in any form, please cite the specific legal privilege which applies to each such redaction."

Great Plains resisted this attempt to obtain records, responding through counsel in a letter of October 10, 2014, that it was not a public agency and was exempt from KORA. The County, designated as the State of Kansas, then filed a petition in district court seeking enforcement of KORA and access to the requested records, as well as a fine for bad-faith rejection of the request.

The district court granted the State's motion for summary judgment and denied Great Plains' cross-motion for summary judgment. The court ordered disclosure of the requested records and imposed a $500 fine on Great Plains. On appeal, our Court of Appeals affirmed the district court holding that Great Plains was subject to KORA but remanded the case to the district court to determine which specific requested records were relevant to evaluating Great Plains' performance of its contract terms.

Both parties filed petitions for review, and this court granted the petitions without limitation.

We are initially called upon to decide whether Great Plains is a public agency subject to KORA.

The district court decided this case on cross-motions for summary judgment. Summary judgment is appropriate when the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits demonstrate that no material fact is substantially contested and that the moving party is entitled to judgment as a matter of law. When there are no genuine material factual disputes, the issue becomes one of law, and review by this court is unlimited. This unlimited review includes the interpretation or construction of statutory language. *Heartland Apartment Ass'n v. City of Mission*, 306 Kan. 2, 9, 392 P.3d 98 (2017).

KORA, K.S.A. 2016 Supp. 45-215 et seq., provides for public access to records maintained by "public agencies." K.S.A. 2015 Supp. 45-217(f)(1) defines a public agency to be

> "the state or any political or taxing subdivision of the state or any office, officer, agency or instrumentality thereof, or any other entity receiving or expending and supported in whole or in part by the public funds appropriated by the state or by public funds of any political or taxing subdivision of the state."

Great Plains contends that it is not a public agency for KORA purposes. We look to the statutory language and the uncontested facts to determine whether Great Plains falls within the statutory definition.

5

The State argues, for the first time on review, that the Hospital qualifies as a statutory instrumentality, subjecting it to the KORA requirements. We note that the instrumentality argument was not raised until the arguments before this court. While we disfavor arguments that were not raised before lower courts, we are not jurisdictionally barred from addressing all such arguments. The instrumentality argument is not evidentiary in nature and does not invoke the statutory jurisdictional requirement of preservation. See, e.g., K.S.A. 60-404 (no appellate review of admission of evidence if not timely and specific objection). The rule that an issue must be submitted to the district court or to the Court of Appeals before we may consider it is prudential in character. See *State v. Frye*, 294 Kan. 364, 368-69, 277 P.3d 1091 (2012); see also *State v. Williams,* 298 Kan. 1075, 1085, 319 P.3d 528 (2014) (considering argument raised for the first time on appeal when court had allowed such arguments in the past).

This court will exercise its discretion to address such an argument when failure to acknowledge the argument would tend to create bad precedent or mislead parties attempting to navigate the complexities of legal rights and duties. See *State v. Kirkpatrick*, 286 Kan. 329, 337-38, 184 P.3d 247 (2008) (court will not build its analysis on legally defective foundation even if parties fail to preserve issue of legal defect), *abrogated on other grounds by State v. Barlett*, 308 Kan. ___, 418 P.3d 1253 (2018). In the present case, failing to consider whether the Hospital is an instrumentality would compel this court to dance around the duties that the Legislature created in enacting KORA, resulting in either a contrived or an erroneous decision. This court will, at its discretion, consider a newly asserted theory that involves only a question of law arising from proven facts and that is finally determinative of the case under such circumstances. See, e.g., *State v. Barnes*, 293 Kan. 240, 255, 262 P.3d 297 (2011). We therefore analyze this case in light of whether the Hospital is an instrumentality because, in our view, this produces the most credible and legally accurate resolution of the broader question that the parties present to this court.

KORA explicitly includes instrumentalities of political and taxing subdivisions of the state in its definition of public agencies. An instrumentality is "a thing used to achieve an end or purpose, or a means or agency through which a function of another entity is accomplished." *Purvis v. Williams*, 276 Kan. 182, 189, 73 P.3d 740 (2003) (citing Black's Law Dictionary 802 [7th ed. 1999]).

Great Plains meets the definition of an instrumentality of the county government, which is a political or taxing subdivision of the state. Under K.S.A. 19-4605, a county commission may establish a board, either appointed by the elected commission or directly elected by the voters of the county, to operate a hospital. K.S.A. 19-4611 authorizes such a board to enter into a lease agreement that may allow another entity, such as a private, not-for-profit corporation, to carry out the regular management of the county hospital. This is what happened in the present case. Instead of managing the Hospital directly through an elected board, Kiowa County chose to have Great Plains manage the Hospital. Great Plains thus became the instrumentality for fulfilling the will of the voters of Kiowa County that they should have access to hospital facilities.

There is no question that the parties intended the Hospital to be an arm of the county government. The lease agreement defines the Hospital to be "a governmental county hospital." A significant goal of the Hospital is "providing quality non-profit health-care services to the residents of the area served by the Hospital." Under the terms of the lease, Great Plains is to manage the Hospital "for the benefit of the community served by the Hospital," including "provision of charity care for the indigent and needy." In addition, the Hospital requested and received substantial funds from a public tax levy.

This determination is consistent with holdings in other states, albeit in a different context, that government-funded hospitals serve a function commonly undertaken by

7

state and local governments. The appellate courts of Michigan have held that public hospitals are government instrumentalities. See *Musulin v. University of Michigan Bd. of Regents*, 214 Mich. App. 277, 284, 543 N.W.2d 337 (1995) ("[T]he operation of a public hospital [is] a governmental function immune from tort liability.") (citing *Hyde v. Univ. of Michigan Bd. of Regents*, 426 Mich. 223, 245-46, 393 N.W.2d 847 [1986]). The Oklahoma Supreme Court has held the operation of a state children's hospital is a "government function" providing immunity from medical malpractice suits. *Estate of Johnson by and through Johnson v. Oklahoma Children's Memorial Hosp.*, 833 P.2d 1232, 1234 (Okla. 1992). See also *Department of Human Resources v. Northeast Georgia Primary Care, Inc.*, 228 Ga. App. 130, 132, 491 S.E.2d 201 (1997) (furnishing medical care and hospitalization for the indigent is a public and essential governmental function; hospital authority is a governmental instrumentality); *Silver v. Castle Memorial Hospital*, 53 Haw. 475, 481, 497 P.2d 564 (1972) (publicly funded hospital is instrumentality of the state); *Lloyd v. City of Toledo*, 42 Ohio App. 36, 37-38, 180 N.E. 716 (1931) (maintaining and operating municipal hospital is government function, even if patients pay for hospital services); *Pike v. Hagaman*, 292 Va. 209, 217, 787 S.E.2d 89 (2016) (provision of health services otherwise not widely available serves essential government function); *Shaffer v. Monongalia General Hospital*, 135 W. Va. 163, 62 S.E.2d 795 (1950) (county hospital established pursuant to statute served government function notwithstanding charge of fees to patients for treatment).

Great Plains looks to earlier cases from this court to support its contention that it is not a public agency. In *Memorial Hospital Ass'n v. Knutson*, 239 Kan. 663, 722 P.2d 1093 (1986), a hospital association similar in function to Great Plains was held not to be subject to the Kansas Open Meetings Act (KOMA), K.S.A. 75-4317 et seq. This court explained that the hospital had no statutory authority to levy taxes and exercised no independent governmental decision-making authority. *Knutson*, 239 Kan. at 672. *Knutson* and KOMA do not apply to the present case, however, because KORA specifically

includes "instrumentalities," entities not included in the scope of KOMA. Compare K.S.A. 2015 Supp. 45-217(f)(1); K.S.A. 2016 Supp. 75-4318(a).

Great Plains also calls this court's attention to *Carroll v. Kittle*, 203 Kan. 841, 849, 457 P.2d 21 (1969), asserting that the case holds that operating a hospital is a proprietary rather than governmental function. This case is not relevant. *Carroll* did not involve a county hospital established under statutory terms; the case predated K.S.A. 19-4601 et seq. by 15 years. When enacted in 1984, K.S.A. 19-4603 established a mechanism for counties to "establish a hospital." The statute provides a means for the county electorate to create hospital boards that "may contract for the management of any hospital with any person, corporation, society or association upon such terms and conditions as deemed necessary by the board." K.S.A. 19-4611(d). Whether operating a particular hospital was a government function in 1969 is not relevant. Kansas statutes have subsequently provided for the governmental operation of county hospitals, an operation that may be contractually delegated to some nongovernmental entity.

Great Plains is an instrumentality of the county. We therefore have no difficulty in concluding that Great Plains is a public agency under K.S.A. 2015 Supp. 45-217(f)(1).

The analysis does not end here, however. Great Plains urges us to find within the statutory definition of a public agency a provision exempting it from the statute's requirements to provide records. The statute provides a limitation:

> "'Public agency' shall not include:
> "(A) Any entity solely by reason of payment from public funds for property, goods or services of such entity; (B) any municipal judge, judge of the district court, judge of the court of appeals or justice of the supreme court." K.S.A. 2015 Supp. 45-217(f)(2).

9

We must determine whether an instrumentality such as Great Plains is exempted from KORA as a result of this limitation. We turn to the plain language of the statute to resolve this question. Relying on the plain language selected by the legislature is the best and only safe rule for determining legislative intent, and such plain language takes priority over both judicial decisions and policies advocated by the parties. See, e.g., *State v. Spencer Gifts,* 304 Kan. 755, 761, 374 P.3d 680 (2016).

The statute plainly states that it is not the payment of public funds *alone* that turns an entity into a public agency; the entity must also have *some additional* governmental quality or function. This reading excludes from KORA requirements such contractual services as a rental car agency that provides occasional transportation for state employees or a business that stocks vending machines in state-owned buildings. KORA would include, however, a hospital when a county board subcontracts with a private corporation to operate that hospital for the express purpose of providing services to the residents of that county. Such a hospital is an instrumentality of the county government, which is to say, it is not a public agency *solely* because it receives payment from public funds for the services it provides. The limitation expressed in K.S.A. 2015 Supp. 45-217(f)(2)(A) therefore does not apply to Great Plains.

We now turn to the decision of our Court of Appeals.

The Court of Appeals elected not to focus on whether Great Plains was a public agency but on whether the requested information constitutes "public records":  "This argument [about the definition of 'public agency'] may be misguided. . . . By assuming the role as the sole operator of the hospital on behalf of the Board, [Great Plains'] operating records are deemed to be public records." 53 Kan. App. 2d at 615, 621. This analytic framework is incorrect. KORA clearly states that it applies to public agencies. If Great Plains is a public agency, it must provide public records, and, as we determined

10

above, Great Plains is a public agency by virtue of its role as a government instrumentality.

Despite affirming the district court, the Court of Appeals sua sponte remanded the case to the district court "for a factual determination of whether the requested documents are relevant to evaluating [Great Plains'] performance of its contract terms." 53 Kan. App. 2d at 621. The State challenges this decision, contending that such a remand is not supported by KORA.

Because Great Plains is an instrumentality governed by KORA, the remedy devised by the Court of Appeals is erroneous and unnecessary. Neither party advocated for a remand or argued that certain records could be distinguished from other records based on the relevance of those records to the performance of the lease. The Court of Appeals appears to have devised that distinction entirely on its own, with no basis in Kansas statutes or caselaw.

The Court of Appeals may have relied on Pennsylvania law, as construed in *Allegheny Dept. of Admin. Servs. v. Parsons*, 61 A.3d 336, 342 (Pa. Commw. Ct. 2013). There, the court analyzed whether certain records "directly related" to the performance of a contract for services. In the present case, our Court of Appeals came up with a similar rule for Kansas, determining that "public records do not include records owned by a private entity and which are not related to functions funded by public funds. K.S.A. 2015 Supp. 45-217(g)(2)." 53 Kan. App. 2d at 620.

Such a rule goes outside the language of KORA; it is the product of the Court of Appeals' focus on the *records*, not on the *entity*. A request under KORA is not limited to performance of contractual terms. The only requirement for access to records is a request by a party; a public agency may not require that a request contain anything more than

"the requester's name and address and the information necessary to ascertain the records to which requester desires access and the requester's right of access to the records." K.S.A. 2016 Supp. 45-220(b).

Not *all* records must be disclosed under KORA; the legislature provided a narrow list of exceptions to records that are of a "sensitive or personal nature concerning individuals," records that must necessarily be kept private for the "effective and efficient administration of a governmental program," and records affecting "confidential information." K.S.A. 2016 Supp. 45-221; 45-229(a). The legislature explicitly provided that these exceptions are to be narrowly construed and that the policy of the state is to foster public access to public records. K.S.A. 2016 Supp. 45-229(a), (b), (c).

Great Plains has never argued, either in district court or in its briefing to the Court of Appeals, that any of the requested documents fall within the narrow statutory exceptions to broad public access. The limitation on disclosure imposed by the Court of Appeals is not supported by Kansas statutes or by the facts presented by the parties. The portion of the Court of Appeals decision remanding the case to the district court for further determinations is therefore erroneous and is reversed.

The decision of the Court of Appeals is affirmed in part and reversed in part. The decision of the district court is affirmed.