*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF JOSEPH JEROME FALARSKI, by
JOSEPH J. FALARSKI, Personal Representative,

UNPUBLISHED
March 14, 2019

Plaintiff-Appellee,

v

No. 343494
Court of Claims
LC No. 17-000332-MZ

DEPARTMENT OF MILITARY AND
VETERANS AFFAIRS and GRAND RAPIDS
HOME FOR VETERANS,

Defendants-Appellants.

Before: SAWYER, P.J., and CAVANAGH and K. F. KELLY, JJ.

PER CURIAM.

Defendants appeal from an order of the court of claims denying their motion for summary disposition. We affirm.

Decedent was admitted to the Grand Rapids Home for Veterans in 2015. He had a history of Alzheimer's disease and was unable to care for himself. He was also identified as having a very high risk of falling and in need of assistance with walking and transfers. Decedent's care plan at the facility included a "fall care plan" to prevent him from falling and injuring itself. But, according to plaintiff, after residing at the facility for slightly two months, decedent fell twice within three days. He suffered multiple fractures and died three days after the second fall due to complications from the fractures.

Plaintiff filed the instant action alleging ordinary negligence, medical malpractice, and vicarious liability. Plaintiff's complaint does not identify any particular agents or employees by name. In lieu of filing an answer, defendants moved for summary disposition, arguing that the ordinary negligence claim does not fall within an exception to governmental immunity and that the medical malpractice claim, and by extension the vicarious liability claim, fails to state a claim because it does not identify any specific agent who committed malpractice. The trial court denied the motion and defendants now appeal.

-1-

The primary issue presented is whether the exception to immunity found in MCL 691.1407(4) only applies to medical malpractice, or whether it also applies to ordinary negligence which occurs in the course of medical care or treatment. That statute provides as follows:

> (4) This act does not grant immunity to a governmental agency or an employee or agent of a governmental agency with respect to providing medical care or treatment to a patient, except medical care or treatment provided to a patient in a hospital owned or operated by the department of community health or a hospital owned or operated by the department of corrections and except care or treatment provided by an uncompensated search and rescue operation medical assistant or tactical operation medical assistant.

In interpreting a statute, we endeavor to determine and give effect to the intent of the Legislature. *McLean v McElhaney*, 289 Mich App 592, 598; 798 NW2d 26 (2010). Where the language is clear and unambiguous, so is the legislative intent and there is no need for further judicial construction. *Id.* We find that to be the case here. Moreover, we recognize that exceptions to governmental immunity are to be narrowly construed. *Id.*

Defendants argue that the plain language of this statute, particularly in light of the word "patient," applies only to allegations of medical malpractice. The trial court, however, rejected this view, opining as follows:

> The primary point of contention concerns the meaning of "medical care or treatment" as used in MCL 691.1407(4). The Court of Appeals has remarked that the phrase "medical care or treatment" is a "broad phrase" that "does not contain any language restricting or limiting the exception to medical care or treatment of physical illness or disease alone."[16] And in the context of caselaw determining whether a particular claim sounds in ordinary negligence or medical malpractice, this state has long adhered to the view that the phrase "medical care" can encompass claims for both ordinary negligence and medical malpractice.[17] As explained by our Supreme Court in one of the leading cases in this area, "[t]he fact that an employee of a licensed health care facility was engaging in *medical care* at the time the alleged negligence occurred means that the plaintiff's claim may *possibly* sound in medical malpractice; it does not mean that the plaintiff's claim *certainly* sounds in medical malpractice."[18] Stated otherwise, Michigan has long adhered to the view that a claim arising during the course of medical care provided to a patient can sound in ordinary negligence, depending upon the facts of the case and the alleged negligent conduct.[19]

> Our Supreme Court has explained that medical malpractice claims are distinguished from claims of ordinary negligence by two characteristics: "First, medical malpractice can occur only within the course of a professional relationship. Second, claims of medical malpractice necessarily raise questions involving medical judgment."[20] Contrastingly, a claim for ordinary negligence

involves only "issues that are within the common knowledge and experience of the [fact-finder]."[21] A claim for ordinary negligence in the context of medical care can arise when "[n]o expert testimony is necessary to determine whether defendant's employees should have taken *some* sort of corrective action to prevent future harm after learning of [a] hazard."[22]

Returning to the instant case, the Court concludes that the exception contained in MCL 691.1407(4) applies to claims for medical malpractice as well as claims of ordinary negligence that arise during the course of the provision of medical care or treatment to a patient. Nothing in the plain language of the statute constrains the abdication of immunity to only claims involving the application of medical knowledge to a patient, i.e., a medical malpractice claim.[23] Yet, defendants would have this Court hold that the phrase "with respect to providing medical care or treatment to a patient" only implicates medical malpractice claims. This phrase plainly implicates the "professional relationship" characteristic of a medical malpractice claim, because it uses the word "patient." However, the plain language of MCL 691.1407(4) does not *only* implicate the "questions involving medical judgment" prong of a medical malpractice claims, such that it should be limited to claims alleging medical malpractice. Caselaw has long held that terms such as "medical care" or "patient treatment" do not exclusively refer to the exercise of medical judgment. Hence, the Court concludes that the term "medical care" does not necessarily implicate the exercise of medical judgment. In this sense, the exception in MCL 691.1407(4) applies to both claims of ordinary negligence and medical malpractice.

---

[16] *McLean*, 289 Mich App at 599. In *McLean*, the Court of Appeals held that the phrase "medical care or treatment" referred to issues affecting a patient's physical *or* mental health. *Id*. at 599-600. In the instant case, there is no dispute whether the decedent, who was allegedly diagnosed with Alzheimer's, was, at a minimum, receiving "medical care or treatment."

[17] See, e.g., *Dyer v Trachtman*, 470 Mich 45, 54 n 5; 679 NW2d 311 (2004); *Adkins v Annapolis Hosp*, 420 Mich 87, 95 n 10; 360 NW2d 150 (1984); *Trowell v Providence Hosp & Med Ctrs, Inc*, 316 Mich App 680; 893 NW2d 112 (2016). For instance, in *Adkins*, 420 Mich at 95 n 5, the Supreme Court explained that "[s]ome hospital errors in patient treatment may, of course, be ordinary negligence rather than malpractice."

[18] *Bryant v Oakpointe Villa Nursing Ctr*, 471 Mich 411, 421; 684 NW2d 864 (2004) (first emphasis added).

[19] *Id*.

[20] *Id*. at 422 (quotation marks and citations omitted).

21 *Id*. (quotation marks and citation omitted; alteration in original).

22 *Id*. at 430-431.

23 Cf. *id*. at 422 (describing the two hallmarks of a medical malpractice claim: a patient relationship and the application of medical knowledge).

We agree with the trial court's analysis and adopt it as our own. We only add that defendants' reliance on the word "patient" to equate the exception to medical malpractice stretches the interpretation too far. It certainly implies that the injury must arise in a medical context. And it certainly limits the class of plaintiffs to whom the exception applies. Indeed, this reflects changes made to the statute after this Court's decision in *Musulin v Univ of Mich Bd of Regents*, 214 Mich App 277; 543 NW2d 337 (1995).

In *Musulin*, this Court held that, under a prior version of MCL 691.1407(4), the exception to governmental immunity applied where the plaintiff was a visitor to a hospital, but not a patient. The opinion concludes by stating that the "Legislature has given no indication that liability under the public hospital exception should be limited to hospital patients or to medical malpractice claims." *Musulin*, 214 Mich App at 287. The subsequent amendment to the statute makes it explicitly clear that the Legislature intended to limit the scope of the statute to patients. It, however, fails to make clear any intent to limit it to claims of medical malpractice; instead, it employs broader language referring to employees and agents who are providing medical care and treatment. Had the Legislature intended to limit the exception to medical professionals who commit medical malpractice, it could have employed more specific language that clearly expresses such intent. In the absence of such limiting language, we must agree with the trial court that the Legislature intended to grant an exception to immunity for any injury arising out of medical care and treatment, without regard to whether the theory is based upon medical malpractice or ordinary negligence.

Next, defendants argue that the trial court erred in rejecting its claim that it was entitled to summary disposition under MCR 2.116(C)(8) on the medical malpractice and vicarious liability claims because plaintiff did not identify in the complaint the exact employees or agents of defendants who committed the acts of malpractice. Defendants rely on *Cox v Bd of Hosp Managers for the City of Flint*, 467 Mich 1; 651 NW2d 356 (2002). We agree with the trial court that *Cox* creates no such requirement. In fact, this Court has stated that "a plaintiff need not necessarily name the agent as a defendant when suing the principal." *Grimmer v Lee*, 310 Mich 95, 101; 872 NW2d 725 (2015).

Finally, defendants make a similar argument in their claim that the trial court erred in rejecting their motion to dismiss based upon an inadequate affidavit of merit under MCL 600.2912d. Defendants state that the statute requires that the plaintiff identify with specificity which particular agent committed the act of malpractice. Defendants fail to cite any applicable authority to support this claim. More to the point, nothing in MCL 600.2912d requires the identification of the agent or employee who allegedly committed the act of malpractice. Defendants' argument is without merit.

Affirmed. Plaintiff may tax costs.

/s/ David H. Sawyer
/s/ Mark J. Cavanagh
/s/ Kirsten Frank Kelly