**EDINBORO UNIVERSITY OF PENNSYLVANIA,**
Petitioner

v.

**Bret FORD, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 19, 2010.
Decided April 21, 2011.

Michael S. Ferguson, Harrisburg, for petitioner.

BEFORE: COHN JUBELIRER, Judge, and LEAVITT, Judge, and BUTLER, Judge.

OPINION BY Judge BUTLER.

Edinboro University of Pennsylvania (Edinboro) appeals from the April 21, 2010 Final Determination of the Pennsylvania Office of Open Records (OOR) which granted the request of Bret Ford (Requester). There is essentially one issue before the Court: whether payroll records maintained by a party who contracted to perform work for Edinboro on a specified project as pertaining to that project are "public records" for purposes of the Right–to–Know Law (RTKL),[1] despite the fact that Edinboro does not maintain the payroll records. For reasons that follow, we

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

affirm the Final Determination of the OOR.

On March 10, 2010, Requester filed a request with Edinboro seeking certified payroll records from the roofing contractor who performed maintenance work on Edinboro's Earlly Hall. On March 12, 2010, Edinboro denied the request stating it no longer retained certified payroll records, and under Section 705 of the RTKL,[2] it is not required to create records that do not exist. Requester appealed to the OOR. On April 21, 2010, the OOR granted Requester's appeal, ordered Edinboro to obtain the records and provide them to Requester, and ordered that the records be appropriately redacted as needed. Edinboro appealed to this Court.[3]

Edinboro argues that the OOR erred in its determination that certified payroll records not maintained by Edinboro are "public records" subject to disclosure under the RTKL. Specifically, it argues that the Pennsylvania Prevailing Wage Act (Wage Act)[4] does not require Edinboro to maintain certified payroll records, and the RTKL does not supersede the Act.

Initially, we note that,

'Public record' is defined as: 'A record, including a financial record, of a Commonwealth or local agency that: (1) is not exempt under section 708; (2) is not exempt from being disclosed under any other Federal or State law or regulation or judicial order or decree; or (3) is not protected by a privilege.' Section 102 of the Right–to–Know Law, 65 P.S. § 67.102.

East Stroudsburg Univ. Found. v. Office of Open Records, 995 A.2d 496, 499 n. 3 (Pa.Cmwlth.2010). Further, Section 102 of the RTKL, in pertinent part, defines a "Record" as: "Information, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency." (Emphasis added).

██ This Court must determine whether certified payroll records *no longer in possession* of Edinboro are considered public records. As noted, Section 102 of the RTKL specifically states that in order to qualify as a public record, the record requested must be "created, received *or* retained ... in connection with a transaction, business or activity of the agency." (Emphasis added). The RTKL contains no requirement that the record be "maintained" by the Commonwealth agency, and where the record is created *or* received by the Commonwealth agency, there is no requirement that it then be retained by the agency.

██ Here, the records were created by the roofing company in regard to maintenance performed on Earlly Hall, but the records were *received* by Edinboro when the roofing company submitted its "certified payroll forms" to Edinboro. Reproduced Record at 13. We agree that the Wage Act does not generally require Edinboro to maintain certified payroll records. Although Section 6 of the Wage Act[5] requires that the contractor "shall keep an accurate record showing the name, craft

---

**2.** 65 P.S. § 67.705.

**3.** This Court's scope of review of an OOR final determination of an appeal from a request to a Commonwealth, judicial or legislative agency is "to make an independent review of the evidence and [the Court] can substitute [its] factfinding for that of the agen-

cy." *East Stroudsburg Univ. Found. v. Office of Open Records,* 995 A.2d 496, 501 n. 10 (Pa.Cmwlth.2010).

**4.** Act of August 15, 1961, P.L. 987, *as amended,* 43 P.S. §§ 165–1–165–17.

**5.** 43 P.S. § 165–6.

and the actual hourly rate of wage paid to each workman employed by him in connection with public work," Section 10(a) of the Wage Act[6] only requires the agency to:

require the contractor and subcontractor to file statements, in writing, ... *certifying to the amounts then due and owing* from such contractor and subcontractor, filing such statement to any and all workmen *for wages due* on account of public work, setting forth therein the names of the persons *whose wages are unpaid* and the amount due to each respectively....

(Emphasis added). That notwithstanding, even though Edinboro did not retain the certified payroll forms at issue, it did, in fact, *receive* the forms. Thus, under the RTKL, the received certified payroll forms are public records for purposes of the RTKL, simply by virtue of the fact that they were *received* by Edinboro. Within the context of this case, we perceive no conflict as between the provisions of the Wage Act and the RTKL. Accordingly, the certified payroll forms received by Edinboro should be again obtained by Edinboro, and provided to Requester.

 Additionally, the Court notes that the payroll records are public records under the RTKL because they pertain to a contract to perform a governmental function. As such, the records need not be in Edinboro's possession to qualify as public records. Section 506(d)(1) of the RTKL,[7] specifically states:

A public record that is not in the possession of an agency but is in the possession of a party with whom the agency has contracted *to perform a governmental function* on behalf of the agency, and *which directly relates to the governmental function* and is not exempt under this act, shall be considered a public

record of the agency for purposes of this act.

(Emphasis added). As Edinboro is a state university, maintaining university property is a governmental function. Specifically, as providing education is a governmental function, providing students with properly maintained buildings to facilitate such education is subsumed within the governmental function. Therefore, Section 506(d)(1) of the RTKL is applicable to the instant matter, and the records at issue constitute public records despite being in the possession of the third-party contractor. *See SWB Yankees LLC v. Gretchen Wintermantel,* 999 A.2d 672 (Pa.Cmwlth.2010); *East Stroudsburg Univ. Found.,* 995 A.2d at 504 (stating "the language [in Section 506(d)(1) ] is plain that all contracts that governmental entities enter into with private contractors necessarily carry out a 'governmental function'—because the government always acts as the government").

For all of the above reasons, we affirm the OOR's final determination that Requester is entitled to the certified payroll records previously received by Edinboro.

## ORDER

AND NOW, this 21st day of April, 2011, the April 21, 2010 Final Determination of the Pennsylvania Office of Open Records is affirmed. Edinboro is required to obtain the certified payroll records previously provided by the contractor and provide them to Requester, subject to any appropriate redactions as permitted by the Office of Open Records.

---

**6.** 43 P.S. § 165–10(a).

**7.** 65 P.S. § 67.506(d)(1).