**ALLEGHENY COUNTY DEPARTMENT OF ADMINISTRATIVE SERVICES and A Second Chance, Inc.**

v.

**James PARSONS and WTAE–TV, Appellants.**

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 2012.
Decided Jan. 14, 2013.

Stephen H. Yuhan, New York, NY, for appellants.

George M. Janocsko, Pittsburgh, for appellee Allegheny County Department of Administrative Services.

Anthony R. Sosso, Jr., Pittsburgh, for appellee A Second Chance, Inc.

BEFORE: PELLEGRINI, President Judge, and McGINLEY, Judge, and LEADBETTER, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge, and LEAVITT, Judge, and COVEY, Judge.

OPINION BY Judge SIMPSON.

This case returns to us following our remand in *Department of Administrative Services/ASCI v. Parsons/WTAE–TV*, 13 A.3d 1025 (Pa.Cmwlth.2011) (*en banc*) (*ASCI I*). Television reporter James Parsons and WTAE–TV (collectively, Requester) appeal from the Allegheny County Court of Common Pleas' (trial court) order that reversed the Office of Open Records (OOR) Final Determination directing a local agency to disclose certain private con-

tractor employee information requested under the Right–to–Know Law (RTKL).[1]

In *ASCI I*, the Department of Administrative Services of Allegheny County (County) and its private non-profit contractor, A Second Chance, Inc., (ASCI) (collectively, Appellees), appealed from the trial court order directing disclosure of ASCI's employee names, dates of birth and hire dates. The trial court determined the contractor information constituted public records related to a governmental function. Unconvinced that the record supported this result, this Court remanded with instructions to hold an evidentiary hearing regarding whether the records of ASCI, a third-party contractor, came within the parameters of the RTKL through Section 506(d) of the RTKL, 65 P.S. § 67.506(d), and, whether the records were exempt under Section 708(b)(1)(ii), 65 P.S. § 67.708(b)(1)(ii), the Personal Security exception.

On remand, the trial court held the employee information did not directly relate to ASCI's performance of the contract; thus, it was not subject to disclosure. The trial court also concluded that Appellees did not prove the Personal Security exception applied. In *dicta*, the trial court added that dates of birth are protected by the Personal Identification exception of the RTKL, 65 P.S. § 67.708(b)(6)(i). The trial court vacated its earlier order and reversed the final determination of the OOR.

Requester appealed, arguing the information is necessary for contract oversight. Appellees maintain the employee information does not pertain to performance of the direct social services ASCI provides under the contract, and they ask us to affirm. Upon thorough analysis and review, we affirm the trial court.

## I. Background and Case History

### A. Parties

Parsons is an investigative reporter for WTAE–TV. He frequently obtains information for news stories through the RTKL. WTAE–TV is a Pittsburgh television station for which Parsons reports.

The County Department of Human Services is comprised of several programmatic offices, including the Office of Children, Youth and Families, which contracts with entities, including ASCI, to perform direct social services for the County.

ASCI is a private non-profit corporation that performs social services for the County. It employs 126 individuals who are paid in part through funds from ASCI's contract with the County. The majority of its employees provide direct services to clients as part of the foster care program that seeks to place children with family and friends of family, known as the "kinship care" program. ASCI is licensed by the Department of Public Welfare to operate as a private children and youth agency and to provide adoption services and foster family care.

### B. Procedural History

Requester submitted a request to the County seeking "payroll lists" of ASCI, its third-party contractor. Requester initially sought the "full name of each employee, job position/title, salary and hire date." *ASCI I*, 13 A.3d at 1027. In response, the County advised the payroll list of ASCI was not within its possession, custody or control; therefore, it could not be provided.

Requester countered that the defense was not valid because ASCI is a contractor of the County. Requester repeated the request on July 15, 2009, as to ASCI's

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–67.3104.

payroll list containing specified information, including employee names, dates of birth and hire dates (Request). Reproduced Record (R.R.), Proposed Findings of Fact Adopted at 969a.

The County denied the Request in part, as to records outside its possession. The County provided the job position/title and salary information, but denied employee names, hire dates, and dates of birth as "[n]o such record exists in the County." *ASCI I*, 13 A.3d at 1028. The County did not assert any substantive exemptions.

Requester appealed the partial denial to the OOR. The OOR issued a final determination directing the County to retrieve the requested information (employee names, dates of birth, and hire dates) from ASCI and provide them to Requester. The County appealed OOR's final determination to the trial court, at which time ASCI intervened in the case.

The trial court directed the County to "obtain the names, birth dates and hire dates of all employees of [ASCI] who provide services to Allegheny County pursuant to Allegheny County's agreement with [ASCI] and provide such information to Appellees [Requester]." *Id.* The trial court reasoned that ASCI performs a governmental function for the County within the meaning of Section 506(d)(1) of the RTKL. As a result, the names, dates of birth and hire dates of all ASCI employees who provide direct social services to the County directly relate to the governmental function. The trial court also held that ASCI and the County failed to submit evidence that disclosure of the information was subject to the Personal Security exception, and it held the Personal Identification exception (Section 708(b)(6)(i) of the RTKL, 65 P.S. § 67.708(b)(6)(i)), did not expressly prohibit disclosure.

In *ASCI I*, both the County and ASCI appealed. The County's appeal focused upon the interpretation of Section 506(d), and whether the fact that the information sought is not provided to the County is pertinent to whether the records are accessible. ASCI's appeal challenged the trial court's holding that certain exceptions did not protect the information. ASCI contended the employee information was protected by the Personal Security exception, and its release would not be consistent with the intent of the RTKL as to private contractors.

In *ASCI I*, Requester asserted that all substantive exceptions to disclosure were waived because the County failed to assert them in its denial. We held in *ASCI I* that there was no waiver of the issue because the County generally argued the information was "private" in nature. *Id.* at 1031. We further held the employee information did not qualify as records "of" the County since it was not, and never was, in its possession, custody or control. *Id.* at 1036.

With regard to Section 506(d), we explained that, contrary to the County's contention, Section 506(d) may reach records that are not in an agency's possession, custody or control provided the third party in possession has a contract with the agency to perform a governmental function, *and* the information directly relates to the performance of that function. We underscored that Section 506(d) does not involve only possession or location, and we noted the RTKL renders such limitations irrelevant to access. The parties did not dispute that the direct services ASCI performs on the County's behalf constitute a governmental function, so we did not further analyze that aspect of Section 506(d).

We explained that the direct relationship that must be shown is to the performance of the governmental function, and not records that are incidental to preparation for

the contract, or to the contractor's day-to-day operations unrelated to the services performed. The records must " 'directly relate' to carrying out the governmental function." *E. Stroudsburg Univ. Found. v. Office of Open Records, (ESU Foundation)*, 995 A.2d 496, 504 (Pa.Cmwlth.2010) (*en banc*) (interpreting Section 506(d) broadly to reach records of third party that fund-raised for University).

We determined in *ASCI I* that the trial court did not sufficiently explain how the three pieces of contractor employee information directly related to performing the social services for which the County contracted. We also concluded the record did not establish any direct relationship. We further advised that whether the actual names, birth dates and hire dates had any direct bearing on ASCI's contractual obligations could only be determined by examining the obligations set forth in the written contract between the County and ASCI. *Id.* Accordingly, we remanded to the trial court to take evidence on the matter. *Id.*

We further instructed the trial court to give ASCI the opportunity to create a record to substantiate the Personal Security exception in Section 708(b)(1)(ii) of the RTKL, and "determine whether the exemption applies based on the record evidence." *Id.* at 1042.

After a hearing, the trial court held that ASCI's employee information did not "directly relate" to the function of performing social services for the County. In coming to that conclusion, the trial court heard testimony from a number of witnesses regarding the contractual relationship between the County and ASCI.

Specifically, a number of representatives testified regarding the parameters of the contract and the relationship between the requested information and performance of the contract. ASCI caseworkers are re-quired to pass certain criminal background checks, and that requirement is incorporated into the contract. Contract monitors review each employee's file for documentation regarding the employee's training and performance evaluations, and to confirm background checks.

Parsons and Adrianne Smith, a contract monitor, testified on behalf of Requester. Parsons' testimony focused upon the necessity for the names and dates of birth of ASCI employees in order to identify them and assess who is performing the services. The trial court struck Parsons' testimony as irrelevant because it did not pertain to any direct relationship between the information sought and the performance of contractual obligations. Smith testified that the requested information was not necessary for the County to confirm compliance with the contract. Smith testified she could verify ASCI's compliance even if names were redacted from the personnel files reviewed.

The trial court concluded "the governmental functions that [ASCI] performs on behalf of [the County] are kinship foster care, as well as adoption and permanent legal custodian services." *See* R.R. at 992a. ASCI's role in performing these functions necessitated the exercise of discretion and judgment. *Id.* The trial court concluded the County monitored the quality of performance by ASCI. *Id.* Focusing upon the governmental function, the trial court reasoned that the requested employee information did not pertain to the type or quality of services performed. The trial court found that the County did not use the information to monitor compliance with the contract, and that it did not enter the contract based upon any of the withheld information. The identity of employees was unknown to the County and did not affect the services rendered. Also, the

requested information did not pertain to performance of the contract.

The trial court also ruled that regardless of its holding on direct relationship, the remand necessitated that it address the substantive exception asserted to protect the information. In a footnote, the trial court stated that the County and ASCI did not meet their burden to demonstrate that names and dates of birth are protected by the Personal Security exception. In *dicta*, the trial court stated dates of birth are not accessible under the RTKL because they are exempt under the Personal Identification exception.

The trial court adopted certain findings of fact and conclusions of law proposed by the parties in an Appendix to its 10–page decision. Ultimately, the trial court vacated its earlier decision, and reversed the OOR Final Determination.

Requester appealed to this Court.

## II. Discussion

In a local agency appeal, our standard of review from the trial court is "limited to determining whether findings of fact are supported by competent evidence or whether the trial court committed an error of law, or an abuse of discretion in reaching its decision." *Kaplin v. Lower Merion Twp.*, 19 A.3d 1209, 1213 n. 6 (Pa.Cmwlth.2011), *appeal denied*, 612 Pa. 693, 29 A.3d 798 (2011). Our scope of review under the RTKL is plenary. *ASCI I*; *Stein v. Plymouth Twp.*, 994 A.2d 1179 (Pa.Cmwlth.2010).

The presumption of public nature[2] shared by records in possession of a local agency does not apply to records that are in possession of a third party like ASCI. *ASCI I*. Generally, the local agency bears the burden of proving a record is exempt from disclosure. *Kaplin*. Third-party contractors in possession of requested records are placed in the shoes of a local agency for purposes of the burden of proof when the contractor performs a governmental function on behalf of the agency, and those records directly relate to the contractor's performance of that function. *SWB Yankees, LLC v. Wintermantel/The Scranton Times Tribune*, —— Pa. ——, 45 A.3d 1029 (2012) (noting third-party contractor is recast as an agency for purpose of interpreting Section 506(d) and RTKL definitions); *ASCI I* (recognizing participating third party shares burden of proving exemptions).

Requester contends that knowing the identity of the employees performing the governmental function is integral to ensuring the contractual services are performed in a satisfactory manner. Requester claims the information requested about ASCI's employees is essential to ensuring proper oversight of the individuals making important decisions. This Court must reverse the trial court, Requester argues, because its rationale focuses on the lack of a contractual requirement to furnish the information to the County rather than the relationship of the requested information to the contract.

Requester also raises public policy arguments to encourage this Court to find a direct relationship between private employee identities and the contractual functions they perform for the government. Distilled to its essence, Requester asserts the public has a right to know who exercises judgment and makes the decisions for kinship care and related social services that affect Commonwealth families.

The County and ASCI argue that the withheld information does not relate to the performance of any governmental function

2. Section 305 of the RTKL, 65 P.S. § 67.305.

by ASCI, much less directly relate. The evidence presented, including by Requester's own witness, underscored that the identity of contractor employees is not part of contract monitoring or compliance review. To the extent the employee name, hire date and date of birth is contained in a personnel file that is reviewed as part of compliance monitoring, the review could be performed with such information redacted. ASCI's employee information also is immaterial to the County's decision to contract with ASCI and to contract oversight. Further, the requested information does not reveal anything about how the employees perform the governmental function for the County.

### A. "Directly Relates" to a Governmental Function

We begin our analysis by reviewing the RTKL provision through which records of private third-party contractors may become accessible to the public. Section 506(d)(1) provides:

> A public record that is not in the possession of an agency but is in possession of a party with whom the agency has contracted to perform a governmental function on behalf of the agency, and which *directly relates* to the governmental function and is not exempt under this act, shall be considered a public record of the agency for purposes of this act.

65 P.S. § 67.506(d)(1) (emphasis added).

As we held in *ASCI I*, "there is no dispute" that the social services ASCI performs through its contract with the County constitute a governmental function. *Id.* at 1039. That determination remains unaltered by our Supreme Court's decision in *SWB Yankees, LLC v. Wintermantel/The Scranton Times Tribune*, because social

services are a core function of government, not an ancillary one.

In *SWB Yankees,* the Supreme Court affirmed this Court's holding that operation of concessions at a multi-purpose stadium contribute to the governmental function of raising revenue. Accordingly, the concessionaire bids requested were accessible under the RTKL.

Our Supreme Court explained the reach of Section 506(d) as follows: "Section 506(d)(1) ... recasts certain third-party records bearing the requisite connection to government as public records 'of the [government] agency....'" *SWB Yankees,* —— Pa. at ——, 45 A.3d at 1044. The Court explained "to require that ... the materials actually be 'of such agency' in the first instance" under the definition of "record"[3] "would undermine the clear aim of Section 506(d)(1)." *Id.* Section 506(d) thus puts a third party in the same position as an agency for purposes of access under the RTKL only when two elements are met: (1) the third party performs a governmental function on behalf of the agency; and (2) the information sought directly relates to that function. *Id.*

While there is no question that ASCI performs a governmental function, and possesses the requested records, our inquiry does not end. We must also review the trial court's analysis of the second prong of the two-prong test: whether a direct relationship exists between the record sought and performance of the governmental function.

### 1. Direct Relationship

As the Supreme Court did not disturb our reasoning on the direct relationship aspect of Section 506(d), we employ it here. This Court construed the meaning of "directly relates" in the context of ac-

---

**3.** Section 102 of the RTKL, 65 P.S. § 67.102.

cess to records in a third-party's possession in both *Buehl v. Office of Open Records*, 6 A.3d 27 (Pa.Cmwlth.2010), and *Giurintano v. Department of General Services*, 20 A.3d 613 (Pa.Cmwlth.2011) (affirming OOR determination that subcontracts of interpreters not performing services do not directly relate to function and are not subject to disclosure under Section 506(d)). The trial court's analysis comports with these decisions.

In *Buehl*, we explained that records related to payments a private contractor made for items it ultimately sold to inmates from the prison commissary do not directly relate to the function of selling items in the commissary. We noted that the prices paid before the items became part of the commissary did not pertain to the contractor's contractual obligation of operating the commissary. Accordingly, the prices did not fall within the parameters of the governmental function for which the Department of Corrections contracted. As the records sought (prices paid to vendors) did not relate to the governmental function performed, the requester was not entitled to access them under Section 506(d)(1).

In *Giurintano*, we analyzed whether subcontracts with interpreters who were not selected to perform services directly related to the function of interpreting services performed for a Commonwealth agency. A requester sought independent contractor agreements between individual interpreters and a private contractor that provided interpreter services to the Commonwealth. We recognized the agreements between interpreters and the third-party contractor related to the contract with the agency only to the extent an interpreter performed services. However, the agreements with interpreters who did *not* perform services were beyond the reach of Section 506(d), because they did

not "directly relate" to performance of contractual obligations.

The defined governmental function shapes the relationship analysis. Here, the governmental function is providing direct social services to clients. Assessing a direct relationship requires careful review of the contract at issue and the information related to performing the contractual obligations. The simple scenario presents when the contract requires the contractor to transmit the information sought to the agency, or necessitates the exchange of such information as part of performing the contract. As the contract between ASCI and the County does not require ASCI to provide or even compile the employee information sought, the circumstances here are not so easily classified.

Requester faults the trial court for ostensibly holding that Section 506(d) reaches "only those records that a government contractor is *expressly required* to possess." Appellants' Br. at 14 (emphasis in original). We do not read the trial court's opinion so narrowly. The trial court did not base its decision on the lack of a contractual requirement that the information be provided to the County; rather, it focused attention on the relevance of the information to performance of the contract.

■ The only record that may be incidentally related to performance of the governmental function at issue is the staff roster. ASCI must submit forms as part of its contract with the County. In complying with requirements incorporated by Office of Children, Youth and Families Bulletin Number 3170–10–01 (Bulletin), ASCI submits a roster of its employees to the County. Consistent with the Bulletin, the roster must contain either the employee names or employee identification numbers so that employees are identifiable. ASCI opted to submit employee identifica-

tion numbers in lieu of employee names. Thus, employee names are not submitted to the County, and ASCI's performance of the governmental function under the contract is not contingent upon the names. Therefore, we agree with the trial court that the names are not directly related to the governmental function.

Under the same rationale, the dates of birth and hire dates for the employees, which are not a component of any of the submissions for licensure or performance of the contract, do not directly relate to the governmental function. That the names, dates of birth and hire dates may pertain to the contract does not entail a direct relationship to performing the governmental function. *Giurintano.*

Requester cautions that if we affirm, "so long as a government agency does not expressly require its contractor to report or maintain certain specific information, the public has no right to access that information, no matter how fundamental and important it is to evaluating that contractor's performance." Appellants' Br. at 17. Requester offers no plausible explanation for how a name, hire date or birth date is "important [...] to evaluating [ASCI's] performance." *Id.* None of this information is necessary for oversight or even relevant to oversight of ASCI or to its fitness as a government contractor.

Requester offers only the following: "in short, performance is inextricably linked to *who* performs the services." Appellants' Br. at 19 (emphasis in original). We disagree. As the respected trial court observed, taking this argument to its logical conclusion renders any limitations in Sec-

tion 506(d) absurd. *See* Tr. Ct., Slip Op. on Remand, 12/21/2011, at 8. By Requester's reasoning, the names and dates of birth of anyone performing any task for a governmental unit that involves decision-making is directly related to the performance of the contract. Section 506(d) does not contemplate such unfettered access.

Requester seems to be under the misimpression that all records of government contractors are subject to the RTKL. It states as much in its briefs. *See* Appellants' Br. at 12 (equating contractor employees to County employees, subject to the RTKL in the same manner), 16 (regarding possession requirement); Appellants' Reply Br. at 12 (characterizing Section 506(d) as mandating access to records of private contractors). Requester cites *Edinboro University v. Ford*, 18 A.3d 1278 (Pa.Cmwlth.2011) (holding payroll records of third party that contracted with University are public records for purposes of RTKL), and *Chester Community Charter School v. Hardy*, 38 A.3d 1079 (Pa.Cmwlth. 2012), to support these propositions. Both cases are readily distinguishable here.

In *Edinboro University*, the requester sought certified payroll records of a private contractor from the University. Our analysis focused on agency possession because the requested records were received, but no longer retained by the University.[4] We determined the payroll records qualified as public records "of" the agency. Primarily, the *Edinboro University* Court analyzed access under Section 102 of the RTKL, 65 P.S. § 67.102,[5] noting secondarily the records may be reached under Sec-

---

4. *Edinboro University* illustrates one aspect of Section 506(d), which is to ensure that an agency cannot frustrate the intent of the RTKL by placing agency records in a contractor's possession, or by failing to maintain them. That concern is not implicated here.

5. Section 102 defines "record" as information documenting an agency transaction or activity "that is created, *received or* retained" in connection with an agency activity. 65 P.S. § 67.102 (emphasis added).

tion 506(d) as records pertaining to a governmental function.

*Edinboro University* does not support the access Requester seeks here. Significantly, we did not examine the direct relationship prong in Section 506(d), the crux of our present inquiry. Further, the records sought in *Edinboro University* differ from the three types of contractor employee information sought here. Unlike the instant case, in *Edinboro University* the contractor records requested were essential to performing the contract, and the records were required as a part of compliance with the Prevailing Wage Act.[6] Here, the records are irrelevant to ASCI's performance of the contract.

In *Hardy*, the issue was whether the agency waived a substantive defense. We agreed that the agency waived the alleged non-public nature of the records because it did not raise that ground before the OOR or before the trial court. The procedural posture of *Hardy* distinguishes it from the current controversy.

While the *Hardy* Court noted in *dicta* that names, titles and salaries of third-party contractor employees may be reached under Section 506(d), the Court did not construe the "directly relates" component of the test. Reliance on *Hardy* as to the governmental function aspect is misplaced because our reasoning was based upon the "broad interpretation" given to government contracts by *ESU Foundation*. *Hardy*, 38 A.3d at 1088 (citing *ESU Foundation* as precedent guiding its broad construction of governmental function). Since we decided *Hardy*, our Supreme Court rejected this Court's broad construction that "the government always acts as the government"[7] in favor of a more limited construction focused upon the contract and the type of services involved. *SWB·Yankees*, —— Pa. at ——, 45 A.3d at 1042.

■ Section 506(d) prescribes more restricted access precisely because it applies to private entities. Section 506(d) does not reach all records in possession of a private contractor that relate to the governmental function; rather, the records reached are only those that relate to *performance of* that function. *Giurintano*. This finely drawn distinction is critical to properly analyzing and applying the provision. The record must relate to performance. Requester's analysis ignores this essential element.

Contrary to Requester's advocacy, a private contractor is not subject to the RTKL the same way as the government agency, and a private contractor's employee information is likewise not subject to the RTKL in the same way. All records "of" contractors who perform a government function are not accessible under Section 506(d). Instead, records of a government contractor may be subject to the RTKL only if the function is governmental in nature, and the precise information sought directly relates to performance of that governmental function.

The fact that monitors of the contract between ASCI and the County review personnel files that happen to contain dates of birth, hire dates and names does not create the necessary connection. The uncontroverted evidence establishes that contract review is not conducted to account for such information, and such information is not necessary for the monitoring. The evidence does not support the crucial nexus needed to convert private records into

---

6. Act of August 15, 1961, P.L. 987, *as amended*, 43 P.S. §§ 165–1–165–17.

7. *E. Stroudsburg Univ. Found. v. Office of Open Records*, 995 A.2d 496, 504 (Pa.Cmwlth. 2010).

potentially public ones. The information is not relevant to contract entry, management, supervision or the employees' performance of the governmental function of social services.

Although the trial court focused on the provision of the records to the County as part of its contractual obligations, we disagree with Requester that its opinion limited Section 506(d) to only those records provided to agencies. That would render much of the provision's language superfluous. Regardless of whether these records were submitted to the County, they must have a direct relationship to ASCI's contractual obligations. The absence of such a relationship between ASCI's employee identifiers and ASCI's performance of its contractual obligations dictates the result here.

After careful consideration, we reach the same conclusion as the trial court: "[t]he 'directly relates' test, as applied to cases such as the instant case, focuses on *what* services are performed and *how* they are performed, not *who* performs them." Tr. Ct., Slip Op. on Remand, 12/21/2011, at 8 (emphasis in original). The information requested does not concern accountability or fitness and is not directly related, or even relevant to ASCI's performance of a governmental function. Therefore, the trial court properly held the information was beyond the parameters of the contract, and beyond the window of access afforded by Section 506(d), through which the public may glimpse third-party information.

## 2. Public Policy

Requester also asserts that as a matter of public policy, this information *should* be available for public scrutiny. We decline Requester's invitation: we cannot permit the public's right to know to devolve from a matter of statutory interpretation into a subjective exercise that varies depending on the perspective of the beholder.

We further reject Requester's contention that the alleged importance of the information should influence our decision-making. The purpose behind the request of the information may not be considered in analyzing access. *See* Section ·302(b) of the RTKL, 65 P.S. § 67.302(b) (prohibits denial of access based on intended use); *see also* Section 1308 of the RTKL, 65 P.S. § 67.1308 (prohibits considering motive of request).

### B. Waiver of Exception/Scope of Remand

The trial court devoted part of its opinion to the status of dates of birth under Section 708(b)(6) of the RTKL, the Personal Identification exception. Requester argues the trial court erred in addressing the subject of protection at all since the County did not assert that exception in its denial, ASCI did not assert it when it intervened, and the issue was outside the scope of the remand.

The County frames the issue as pertinent only to the extent that the Personal Identification exception informs the analysis as to a direct relationship between the withheld information and performance of a governmental function.

ASCI contends that it preserved the Personal Security exception defense. Further, ASCI argues the Personal Identification exception can be reached in the Court's analysis of whether any grounds apply to protect dates of birth despite its failure to raise that exception below.

■ This Court is mindful of the importance of third-party opportunity to preserve any applicable exceptions as a matter of fundamental due process and notice. *See Office of the Governor v. Bari*, 20 A.3d 634 (Pa.Cmwlth.2011). We recognize, as

Chief Justice Castille did in his concurring opinion in *SWB Yankees,* that private third parties have no adequate process under the RTKL to assert exemptions to disclosure until the case receives judicial review.

 Any grounds for denial or defenses not raised at the asserting party's first opportunity are waived. *Dep't of Envtl. Prot. v. Cole,* 52 A.3d 541, 551 (Pa. Cmwlth.2012); *Signature Info. Solutions, LLC v. Aston Twp.,* 995 A.2d 510 (Pa. Cmwlth.2010). Appellees did not assert the Personal Identification exception at any stage of the case in *ASCI I,* and did not raise the argument in the case on remand until filing post-hearing briefs. Accordingly, the defense is waived.

 Moreover, the trial court's decision to opine in *dicta* as to the protected status of dates of birth under the Personal Identification exception exceeds the scope of our remand. This Court remanded the matter with the following instructions:

> [T]he trial court should take additional evidence ... and render findings and conclusions of law based on the record before it to determine whether the names, birth dates and hire dates 'directly relate' to ASCI's performance of its contractual obligations.
>
> On remand, the trial court shall also afford ASCI the opportunity to create a record on whether the information sought is exempt under Section 708(b)(1)(ii) of the RTKL [ (Personal Security exception) ] and shall determine whether the exemption applies based on the record evidence.

*ASCI I,* 13 A.3d at 1040, 1042. Therefore, considering the Personal Security excep-

tion was appropriate,[8] whereas considering the Personal Identification exception was not.

The trial court erred in analyzing an untimely-raised exception. Moreover, it went beyond our remand instructions in doing so. We further note the trial court did not need to reach the substantive issue of how an exception applies to information that is not accessible under the RTKL. Finally, as discussed below, we cannot endorse the trial court's conclusions on the merits of the Personal Identification exception.

## C. Exception as to Birth Dates

The foregoing notwithstanding, we are not necessarily the final reviewing court. In the event our Supreme Court disagrees with our holdings discussed above, we wish to highlight our recent decisions regarding dates of birth.

Section 708(b)(6)(i) protects the following personal identification information:

> (A) A record containing all or part of a person's Social Security number; driver's license number; personal financial information; home, cellular or personal telephone numbers; personal e-mail addresses; employee number or other confidential personal identification number.
>
> (B) A spouse's name; marital status, beneficiary or dependent information.
>
> (C) The home address of a law enforcement officer or judge.

65 P.S. § 67.708(b)(6)(i). Notably absent from the list of information protected is "date of birth."

---

8. After a full evidentiary hearing, ASCI and the County failed to establish any substantial or demonstrable harm related to disclosure of the withheld information as required by Section 708(b)(1)(ii) of the RTKL, 65 P.S. § 67.708(b)(1)(ii). The only evidence, which

this Court rejected in *Lutz v. City of Philadelphia,* 6 A.3d 669 (Pa.Cmwlth.2010), was general and speculative testimony that disclosure might pose a risk. *See* Tr. Ct., Slip Op. on Remand, 12/21/2011, at 2–3 n. 4.

In the two cases where we addressed birth dates, we held that they are *not* automatically exempt. *Delaware Cnty. v. Schaefer ex rel. Philadelphia Inquirer*, 45 A.3d 1149 (Pa.Cmwlth.2012); *see also Governor's Office of Admin. v. Purcell*, 35 A.3d 811 (Pa.Cmwlth.2011) (holding birth dates, as opposed to birth years, exempt from disclosure under Personal Security exception based upon the affidavits supplied).

There is no support for ASCI's position that dates of birth are exempt categorically under Section 708(b)(6)(i) as personal identification information. Indeed, the opposite is true. *Schaefer; Purcell.* More specifically, when asked to address the status of dates of birth under the Personal Identification exception, we held in *Schaefer* that they do not enjoy protection as they are not enumerated. The Court *en banc* elaborated:

> because there is no mention of birth dates [...] of 'all other' public employees in the Personal Identification Exception, these items are not entitled to the unconditional protection afforded [...] birth dates of certain vulnerable or at-risk individuals such as law enforcement officers, judges and minor children. *[DOB] are, therefore, not categorically exempt under the Personal Identification Exception*, 65 P.S. § 67.708(b)(6)(i).

*Schaefer*, 45 A.3d at 1153 (emphasis added).

### III. Conclusion

For the foregoing reasons, we affirm the trial court's decision because we agree the information sought does not pertain to the performance of the governmental function contemplated in the contract. The trial court applied the proper test in holding that the records sought do not "directly relate" to the governmental function ASCI performs.

Further, we conclude that ASCI did not timely assert the Personal Identification exception, although it had a fair opportunity to do so on a number of occasions throughout the first round of appeals in this case.

We also agree with the trial court that ASCI did not prove the basis for applying the Personal Security exception to names or dates of birth here.

Judge McCULLOUGH did not participate in the decision in this case.

### ORDER

**AND NOW,** this 14th day of January, 2013, the order of the Allegheny County Court of Common Pleas is **AFFIRMED.**

